John L. ARKADIELE

v.

T. Wade MARKLEY, Warden, United States Penitentiary, Terre Haute, Indiana.

No. TH 60-C-51.

United States District Court
S. D. Indiana,
Terre Haute Division.

Sept. 6, 1960.

John L. Arkadiele, petitioner, in pro. per.

Philip R. Melangton, Jr., Asst. U. S. Atty., Indianapolis, Ind., for Warden Markley.

STECKLER, Chief Judge.

This is an action for writ of habeas corpus. Petitioner alleges that he was adjudged a juvenile delinquent by the United States District Court for the Northern District of Texas, pursuant to Title 18, U.S.C. § 5031 et seq. (the Federal Juvenile Delinquency Act), and committed to the custody of the Attorney General, or the National Training School for Boys, or a comparable institution for care, custody, and training of juveniles. Petitioner is presently confined in the United States Penitentiary, Terre Haute, Indiana. The petitioner's contention is that confinement in a penitentiary violates his constitutional rights in that he has not been convicted of any crime, nor

afforded the protection of the Fifth and Sixth Amendments. Petitioner relies upon United States ex rel. Stinnett v. Hegstrom, D.C.Conn.1959, 178 F.Supp. 17, and White v. Reid, D.C., 125 F.Supp. 647, and D.C.D.C.1954, 126 F.Supp. 867.

Respondent has filed a motion to dismiss on the basis that Title 18 U.S.C. § 4082 gives the Attorney General authority to transfer any inmate of the National Training School for Boys to any other institution. Respondent cites Suarez v. Wilkinson, D.C.M.D.Pa.1955, 133 F.Supp. 38; United States v. McCoy, D.C.M.D. Pa.1957, 150 F.Supp. 237; and Clay v. Reid, D.C.D.C.1959, 173 F.Supp. 667.

The cases cited by the parties reveal a difference of judicial opinion on this point. In Wade v. Byington, Cause No. TH 60-C-23, this court, through the Honorable Cale J. Holder, Judge, dismissed a similar petition brought by a delinquent committed by the Juvenile Court of the District of Columbia. A fortiori, the present petition, brought by one committed by a district court under the federal act, is without merit. See White v. Reid, D.C.D.C.1954, 126 F.Supp. 867, 870–871.

Proceedings under the Federal Juvenile Delinquency Act are possible only if the juvenile consents thereto in writing after being fully apprised of his rights and of the consequences of such consent. 18 U.S.C. §§ 5032, 5033. A delinquent may be placed on probation or committed to the custody of the Attorney General. 18 U.S.C. § 5034. Once committed, "the nature of such custody, in line with the juvenile's reaction thereto, must necessarily be left to the discretion of those in charge of the problem of rehabilitation. The power of the Attorney General to designate the place of confinement has not been abrogated in any respect by the Juvenile Delinquency Act." Suarez v. Wilkinson, supra, 133 F.Supp. at page 40.

Accordingly, petitioner's motion to strike respondent's motion to dismiss is overruled, and respondent's motion to dismiss is sustained.