Harold Allen SONNENBERG, Petitioner-Appellant,

v.

T. Wade MARKLEY et al., Warden, United States Penitentiary, Terre Haute, Indiana, Respondent-Appellee.

No. 13171.

United States Court of Appeals Seventh Circuit.

April 6, 1961.

Jack N. VanStone, Evansville, Ind., for appellant.

Don A. Tabbert, U. S. Atty., Philip R. Melangton, Jr., Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before DUFFY, MAJOR and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Petitioner filed a petition for Writ of Habeas Corpus in which he alleged that he was illegally detained in the custody of respondent at the United States Penitentiary at Terre Haute, Indiana, an institution for adult criminals. The petition further stated:

"1. That on or about August 28, 1958, Petitioner was adjudged a Juvenile Delinquent under the Federal Juvenile Delinquency Act, Title 18, U.S.C., Sec. 5031, and committed to the custody of the Attorney General; or, the National Training School for Boys; or, a comparable institution for care, custody and training of juveniles; by the United States District Court at Oxford, Mississippi, until he reached the age of twenty-one (21)."

and

"7. That the Attorney General does not have the power or authority, under the Federal Juvenile Delinquency Act, or any other statute in the United States Code, to commit, or transfer juveniles to penal institutions basically criminal in nature and designed primarily for custody and punishment of adult criminals; and that further, the power and authority granted to the Attorney General in the Act extends only to commitment or transfer to the National Training School for Boys, or a comparable institution primarily designed and denoted for the care, custody and training of juveniles."

The District Court granted respondent's motion to dismiss, based on the theory that petitioner failed to state grounds on which the Writ might be granted; and petitioner appealed.

It appears from the record that petitioner was committed to the custody of the Attorney General and subsequently transferred to the United States Penitentiary at Terre Haute. The record does not show the reason for the transfer. The petitioner states the contested issue as:

"The [issue] involved in this appeal is whether or not the Attorney General can treat this Petitioner, a Juvenile Delinquent, in the same manner as an adult criminal by confining him in a Federal Penitentiary for adult criminals, which has no facilities for the care, custody, and training of juveniles, nor which is comparable to the National Training School For Boys."

The pertinent statutes are in Title 18 U.S.C.:

"§ 5031. Definitions

"For the purposes of this chapter a 'juvenile' is a person who has not attained his eighteenth birthday, and 'juvenile delinquency' is the violation of a law of the United States committed by a juvenile and not punishable by death or life imprisonment."

"§ 5032. Proceeding against juvenile delinquent

"A juvenile alleged to have committed one or more acts in violation of a law of the United States not punishable by death or life imprisonment, and not surrendered to the authorities of a state, shall be proceeded against as a juvenile delinquent if he consents to such procedure, unless the Attorney General, in his discretion, has expressly directed otherwise.

"In such event the juvenile shall be proceeded against by information and no criminal prosecution shall be instituted for the alleged violation."

Thus the Attorney General must take affirmative action to prevent a juvenile from being proceeded against as a juvenile delinquent.

"§ 5033. Jurisdiction; written consent; jury trial precluded

"District Courts of the United States shall have jurisdiction of proceedings against juvenile delinquents. For such purposes, the court may be convened at any time and place within the district, in chambers or otherwise. The proceeding shall be without a jury. The consent required to be given by the juvenile shall be given by him in writing before a Judge of the District Court of the United States having cognizance of the alleged violation, who shall fully apprise the juvenile of his rights and of the consequences of such consent. Such consent shall be deemed a waiver of a trial by jury."

"§ 5034. Probation; commitment to custody of Attorney General; support

"If the court finds a juvenile to be a delinquent, it may place him on probation for a period not exceeding his minority, or commit him to the custody of the Attorney General for a like period.

"Such commitment shall not exceed the term which might have been imposed had he been tried and convicted of the alleged violation.

"The Attorney General may designate any public or private agency or foster home for the custody, care, subsistence, education, and training of the juvenile during the period for which he was committed.

"The cost of such custody and care may be paid from the appropriation for 'Support of United States prisoners' or such other appropriation as the Attorney General may designate."

This question does not appear to have been considered by any Court of Appeals.

There are a number of District Court decisions, however.

In Suarez v. Wilkinson, D.C.M.D.Pa. 1955, 133 F.Supp. 38, the history and development of the Juvenile Delinquency statutes were considered. David Suarez had originally been placed on probation. The Court stated (at page 40):

"It became necessary to revoke the probation in accordance with the provisions of the Probation Act * * and he was then committed to the custody of the Attorney General. The Juvenile Delinquency Act does not take away from the Attorney General any of his discretion in connection with such commitment. It does add further discretionary powers in * * * 18 U.S.C. § 5034, * * *.

"In order to provide as much flexibility as possible, correctional institutions and 'training schools' have been provided for those juveniles who may benefit thereby. Custody is an essential feature in those cases where parole is not feasible and the nature of such custody, in line with the juvenile's reaction thereto, must necessarily be left to the discretion of those in charge of the problem of rehabilitation. The power of the Attorney General to designate the place of confinement [See 18 U.S.C. § 4082] has not been abrogated in any respect by the Juvenile Delinquency Act."

In United States v. McCoy, D.C.M.D. Pa.1957, 150 F.Supp. 237, at page 239, the Court said of defendant George Junior McCoy:

"He was originally sentenced in 1951 under the Juvenile Delinquency Act, for the period of his minority. He was released on parole and subsequently returned for violation of parole, with two years added for a crime committed while on parole. He was transferred from the National Training School in Chillicothe and from there to the United States Penitentiary at Lewisburg, Pennsylvan-

ia. This, he says, was 'illegal.' Such transfers were necessitated by his own conduct and were entirely within the authority and discretion of the Attorney General. This is true whether petitioner was sentenced generally, * * * or under the Juvenile Delinquency Act * *."

Petitioner relies on United States ex rel. Stinnett v. Hegstrom, Warden, D.C. Conn.1959, 178 F.Supp. 17, at page 20, where the Court said:

"The constitutional guarantees appear to this court to present an insuperable obstacle to a construction of the statute which would give the Attorney General unlimited discretion over transfer to places of confinement of juveniles which would include mingling them with general prison populations in penal institutions of all types."

In the subsequent case of Arkadiele v. Markley, Warden, D.C.S.D.Ind.1960, 186 F.Supp. 586, at page 587, the Court recognized the difference of judicial opinion on this point, and held:

"Proceedings under the Federal Juvenile Delinquency Act are possible only if the juvenile consents thereto in writing after being fully apprised of his rights and of the consequences of such consent. 18 U.S. C. §§ 5032, 5033. A delinquent may be placed on probation or committed to the custody of the Attorney General. 18 U.S.C. § 5034. Once committed, 'the nature of such custody, in line with the juvenile's reaction thereto, must necessarily be left to the discretion of those in charge of the problem of rehabilitation.' * * *" [citing Suarez, supra.]

We find ourselves in complete accord with this reasoning.

Petitioner alleges that no facilities are provided at Terre Haute for juveniles. However, the United States Penitentiary there is equipped with the usual medical, psychiatric and vocation training facilities for individual treatment of inmates.

Petitioner charges no abuse of discretion by the Attorney General. He argues that the Attorney General may confine him only in an institution comparable to the National Training School for Boys. As indicated above, we cannot agree.

The Court is grateful for the conscientious efforts of Court-appointed counsel Jack N. VanStone and his co-counsel Marion J. Rice, of the Indiana bar, who ably represented the petitioner in this appeal.

The judgment of the District Court is affirmed.