**Robert Eugene COATS, Relator,**

v.

**T. Wade MARKLEY, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent.**

**No. TH 61-C-54.**

United States District Court
S. D. Indiana,
Terre Haute Division.

Jan. 5, 1962.

Robert Eugene Coats, pro se.

Richard P. Stein, U. S. Atty., by Philip R. Melangton, Jr., Asst. U. S. Atty., Indianapolis, Ind., for respondent.

STECKLER, Chief Judge.

Petitioner filed his petition, together with a petition for leave to proceed in forma pauperis, August 16, 1961. On August 23, 1961, the respondent filed his motion to dismiss the petition. On September 13, 1961, this court granted leave for petitioner to proceed in forma pauperis, and considered the government's motion as though timely filed. No answer brief to the motion to dismiss was filed by petitioner.

Petitioner was sentenced for "an indefinite period of time" under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5024 (1951). He contends that that Act does not permit imprisonment except at institutions having facilities to keep youth offenders segregated from "common criminals," and that the Terre Haute Penitentiary has no such facilities and has no facilities for "treatment" of youth offenders, as required by the Act. This, petitioner argues, causes him to be deprived of the equal protection of the laws, since other youth offenders are sent to places where such facilities are available. Consequently, he urges that he is being illegally restrained and suggests that the only remedy is to release him, terminating the sentence which has been imposed upon him.

Respondent's motion to dismiss is based upon the contention that the petition on its face presents no grounds on which petitioner is entitled to relief. In the brief supporting the motion, it is urged that 18 U.S.C. § 4082 (1951) gives the Attorney General authority to designate the place of confinement and to transfer inmates, and that this authority is specifically extended to include those persons committed to the National Training School for Boys. It is argued that the cases, discussed infra, wherein this court has held that juveniles may be transferred, make it necessarily follow that a youth offender may likewise be transferred.

This court, in Arkadiele v. Markley, 186 F.Supp. 586 (S.D.Ind.1960), held

that confinement in a federal prison was not improper merely because the petitioner was confined under the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031–5037 (1951), and that that Act did not abrogate the power given the Attorney General in 18 U.S.C. § 4082 (1951). The Seventh Circuit Court of Appeals approved that case in Sonnenberg v. Markley, 289 F.2d 126 (7th Cir. 1961), wherein it made a similar holding.

The congressional purpose in the Federal Youth Corrections Act, like that in the Federal Juvenile Delinquency Act, was to rehabilitate young offenders. In both Acts, the committing court has discretion as to whether to impose an executed sentence against the offender under the provisions of the respective Acts. In both Acts the Attorney General is given authority to place the offenders in a public or private agency. Under the Federal Youth Corrections Act, unlike the Federal Juvenile Delinquency Act, as contended by petitioner, the youth offender is to be committed "for treatment." 18 U.S.C. § 5011 (1951). However, the Director of the Bureau of Prisons is given specific authority to "transfer at any time a committed youth offender from one agency or institution to *any* other agency or institution." 18 U.S.C. § 5015(b) (1951). (Emphasis added.) Although the consent of the offender is not required under the Federal Youth Offenders Act, as it is under the Federal Juvenile Delinquency Act, the provisions of both are directed to one goal. The provisions of 18 U.S.C. § 5015(b) (1951) show an intent to preserve the powers of the Attorney General under 18 U.S.C. § 4082 (1951) as to those committed under the Federal Youth Offenders Act.

It would be anomolous if an offender under eighteen years of age could be committed to a federal prison while one over that age could not. The evils of commitment to a non-segregated facility could only be more pronounced when one under eighteen years of age is subjected thereto. Cf., United States v. McCoy, 150 F.Supp. 237, 239 (M.D.Pa.1957).

The petition for a writ of habeas corpus is DENIED for the reason that it appears from the application that the applicant is not entitled thereto, and the motion to dismiss the petition is GRANTED.