**Jack Kenneth BROWN, Appellant,**

v.

**J. O. KEARNEY, Warden, Federal Correctional Institution, Texarkana, Texas, Appellee.**

**No. 19313.**

United States Court of Appeals
Fifth Circuit.

May 2, 1962.

Jack K. Brown, pro. se.

Wm. Wayne Justice, U. S. Atty., Tyler, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and WISDOM, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis from the district court's denial, after a hearing, of the petition of a federal prisoner for issuance of the writ of habeas corpus. The sole law question presented is whether a federal prisoner, sentenced by two different federal courts to serve two consecutive sentences, commences to serve the second on the date upon which he would be entitled to mandatory release from the first, were it the only sentence. We hold that he does not, and affirm the judgment of the district court.

On November 8, 1954, appellant was sentenced in the United States District Court for the District of Arizona to imprisonment for a period of five years for impersonation of an army officer in violation of 18 U.S.C. § 912. While serving this sentence, he was sentenced in the United States District Court for the Southern District of Alabama to imprisonment for a period of three years, to commence upon termination of the sentence which he was then serving.[1] On

---

1. The offense was transportation of false securities in interstate commerce, in violation of 18 U.S.C. § 2314.

September 17, 1960, appellant was released from prison on a mandatory release, pursuant to 18 U.S.C. § 4163. On February 13, 1961, a Parole Violators Warrant for his arrest was issued, and on July 6, 1961, he was returned to prison.

Appellant contends that under the pertinent statutory provisions, which are set out in the margin,[2] he was not subject to retaking as a parole violator at the time the warrant for his retaking was issued in February of 1961, and that consequently his return to prison was without warrant in law. While tacitly admitting that he would have been subject to retaking had both of his sentences been imposed by the same court, appellant urges that his is a different case because his sentences were imposed by different courts, for different offenses, at different times. Because of this fact, he maintains, he was entitled to mandatory release *from his first sentence*, just as if it were the only one he had to serve, upon accrual of sufficient "good time" therefor. According to his theory, upon the date on which he was so entitled to release from his first sentence, he was constructively mandatorily released, but nonetheless remained in prison and commenced service of his second sentence; his subsequent actual release was therefore from the second sentence alone, and the period during which he was subject to supervision as a parolee was thus equal to the amount of "good time" accrued during the service of the second sentence alone, less one hundred and eighty days.

We find no merit in these contentions. While the drafters of the quoted statutory provisions were plainly cognizant of consecutive terms of imprisonment, they made not the slightest suggestion of a distinction in treatment of mandatory releases based on the fact that consecutive sentences might have been imposed by different courts. Neither reason nor the cases construing the statutes suggest such a distinction. Moreover, appellant's theory, that his mandatory release from his first sentence was spent inside the prison walls in service of his second sentence, is completely repugnant to the basic concept and philosophy of the mandatory release, which is the effectuation of an actual end to imprisonment, conditioned on good conduct during the parole period. Under appellant's theory he would be subject to supervision as a parolee and as a prisoner at the same time.

Contrary to appellant's elaborate theory, we think that 18 U.S.C. § 4164 is unequivocal when it states that a prisoner who has "served his * * * *terms* less good-time deductions" shall be subject to supervision as a parolee "until the expiration of the maximum * * * *terms* for which he was sentenced less one hundred and eighty days."[3]

The judgment was correct, and it is Affirmed.

---

2. 18 U.S.C. § 4161: "Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows: * * * Eight days for each month, if the sentence is not less than five years and less than ten years. * * * *When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed.*"

18 U.S.C. § 4163: "A prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct. * * * *"

18 U.S.C. § 4164: "A prisoner having served *his term or terms* less good-time deductions shall, upon his release be deemed as if released on parole, until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days. * * * *"

(The italics are ours)

3. Even under appellants' theory of the case, he would have been subject to retaking on the date on which the warrant was issued. In computing actual dates under his theory of the case, appellant has overlooked the fact that until it was

amended in September of 1959, 18 U.S.C. § 4161, supra, provided that the good-time deduction was "to be credited as earned and computed monthly * * *." His computations for the period from November, 1954, to September, 1959, however, are based upon the amended statute, which omits the quoted phrase.