**Kenneth YOUNG HEE CHOY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19938.**

United States Court of Appeals
Ninth Circuit.

April 20, 1965.

Kenneth Young Hee Choy, Lompoc, Cal., in pro. per.

Herman T. F. Lum, U. S. Atty., Honolulu, Hawaii, for appellee.

Before BARNES, JERTBERG and MERRILL, Circuit Judges.

PER CURIAM:

This is a second appeal to this court from a denial in the District Court of a motion under 28 U.S.C. § 2255. Defendant was originally convicted after a plea of guilty to the violation of 18 U.S.C. § 656 (misapplying more than $100.00 from a bank).

Sentence of two years was originally imposed on defendant; the execution of the sentence was suspended and defendant placed on probation for two years. After a hearing, and on August 1, 1961, probation was revoked and defendant was committed to the custody of the Attorney General of the United States for treatment and supervision pursuant to 18 U.S.C.A. § 5010(b), until discharge by the Federal Youth Correction Division of the Board of Parole as provided in 18 U.S.C. § 5017(c).

The petition was filed below on October 5, 1964, more than one year after the two year term of his original sentence would have expired.

Petitioner urges three grounds as error:

1. That since the maximum term of imprisonment specified by 18 United States Code, Section 656, is five years and the maximum penalty under the Federal Youth Corrections Act is six years, the Court should have so advised him before he pleaded guilty;

2. That he was mentally incompetent at the time he was sentenced under the Federal Youth Corrections Act;

3. That the Court had no jurisdiction to sentence him under the Federal Youth Corrections Act after having revoked his probation.

■ Answering the first alleged error, we are bound, as was the District Court, by the previous decision of this court in Choy v. United States, 322 F.2d 64 (1963). There we said:

"The district court found that on August 1, 1961, when appellant's probation was revoked and he was sentenced under the Federal Youth Corrections Act, he was represented by counsel and that counsel requested the court to sentence appellant under the Federal Youth Corrections Act. The court further found that it was pointed out to appellant and his counsel that the original sentence in the case was for imprisonment for a period of two years and that under the Act the sentence would be for an indefinite period, during which he might be released conditionally not more than four years after his conviction and unconditionally not more than six years after his conviction, and that 'he would be taking a chance that he might be held for more than two years'; that thereafter appellant conferred with his attorney, his father and his wife, and then specifically consented to being sentenced under the Federal Youth Corrections Act. In addition, appellant and his counsel signed a consent to the order revoking probation and to his sentence under the Act. In the light of these facts, we do not feel that appellant is in a position to complain about the possible length of his confinement under the Act."

As to appellant's alleged incompetency, this is a matter newly urged on this second appeal. Not only would we be required to consider that appellant might have been mentally incompetent when he asked for and agreed that he should be sentenced under the Youth Corrections Act after he had violated his probation, but we would be required to consider appellant's attorney, his father and his wife all were likewise mentally incompetent, for appellant conferred with all of them *after* the sentencing judge had specifically called to their attention that the original sentence in the case was imprisonment for a period of two years, but that under the Act the sentence would be for an indefinite period and that appellant would have to be released conditionally not more than four years after his incarceration, and that the choice of the Youth Act would mean his taking a chance that he might be held more than two years. Not only, after such a warning and such a conference, did appellant make his choice; he signified his choice, with his counsel's concurrence, in writing. Thus the facts of this case differ sharply from those in Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963), and Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283 (1963).

■ As against this carefully considered and well-documented action, appellant now makes the bald assertion he was mentally incompetent. Appellant states the conclusion, without factual support, that "he was neither mentally capable of coping with the context or the coercion of the situation affronted with at that time." There is no allegation of any previous or subsequent history of incompetency, or mental deficiency, or treatment therefor.

"It is not the law that in every case where the movant (under 28 U.S.C. § 2255) may set forth a claim which appears to be good on paper

128

although manifestly false in fact and frivolous, the District Court is nevertheless obliged to grant him an oral hearing." Malone v. United States, 299 F.2d 254 (6th Cir. 1962).

Appellant was no more subject to coercion than any prisoner who has violated the probation previously granted him. He was adequately represented by counsel, and advised by his family. In this context, the word coercion in appellant's application is just a word, and nothing more. His contention is clearly frivolous.

Finally, appellant urges the sentence imposed under the Federal Youth Corrections Act was illegal, as beyond the court's jurisdiction. We have ruled to the contrary in this very case. Choy v. United States, 322 F.2d 64, 66 (1963).

Affirmed.