Kenneth Glenn FOOTE, Petitioner,

v.

UNITED STATES of America, Warden
Charles E. Harris, United States Pen-
itentiary, Marion, Illinois, Respondents.

Civ. No. R–2259.

United States District Court
D. Nevada.

Nov. 19, 1969.

Kenneth Glenn Foote, in pro. per.

Bart M. Schouweiler, U. S. Atty., Ju-
lien G. Sourwine, Asst. U. S. Atty.,
Reno, Nev., for respondents.

ORDER

THOMPSON, District Judge.

Movant is imprisoned in the United
States Penitentiary in Marion, Illinois,

under the Youth Corrections Act by a sentence imposed after a plea of guilty to a charge of violation of the National Motor Vehicle Theft Act, 18 U.S.C. § 2312. His amended motion to vacate sentence made pursuant to 28 U.S.C. § 2255 raises five issues of law:

1. That he has been deprived of credit for pre-sentence custody incurred for want of bail;

2. That the Federal Youth Corrections Act, 18 U.S.C. § 5011, prohibits incarceration of a youth offender with hardened criminals;

3. That he has been denied credit for good time served;

4. That his sentence is excessive; and

5. That the United States Parole Board has acted to restrain him from freedom to which he believes he is entitled.

On October 30, 1969, the Bureau of Prisons issued a policy statement which allows pre-sentence custody credit as requested by movant. This point is moot.

■ The Attorney General is given authority to determine the place of confinement of any person committed to custody. 18 U.S.C. § 4082. The authority is exercised by the Bureau of Prisons. Hogue v. United States, 287 F.2d 99 (5th Cir.1961); Rayborn v. Swope, 215 F.2d 604, 605 (9th Cir.1954). Section 5011, Title 18, United States Code, likewise clearly confers upon the Director of the Bureau of Prisons the authority to determine that even maximum security in a United States Penitentiary is a proper mode and place of confinement. A person committed under the Federal Youth Corrections Act is within the scope of this authority. 18 U.S.C. § 5015(b); Coats v. Markley, 200 F.Supp. 686 (S.D.Ind.1962). See also Arkadiele v. Markley, 186 F.Supp. 586 (S.D.Ind. 1960); Sonnenberg v. Markley, 289 F.2d 126 (7th Cir.1961). Mere dissatisfaction with the program at the place of incarceration is no basis for relief. Young Hee Choy v. United States, 322 F.2d 64 (9th Cir.1963). The objection to the place of confinement has no merit.

■ Allowance of good time is a matter for the executive branch of government, not for the judiciary. Only where the administration of the law allowing good time is arbitrary or fraudulent is an issue for judicial cognizance present. United States v. Marchese, 341 F.2d 782, 789 (9th Cir.1965), cert. den., 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64; cf. Lee v. United States, 400 F.2d 185, 189 (9th Cir.1968).

Movant contends that he is entitled to good time credit under 18 U.S.C. § 4161 for time served pursuant to a Youth Corrections Act sentence under 18 U.S.C. § 5010. He contends that the four year maximum term of incarceration under the Youth Act is a definite term within the meaning of 18 U.S.C. § 4161.

■ The Government counters that a Youth Act sentence is not a confinement "for a definite term" within the meaning of 18 U.S.C. § 4161, arguing that it is a form of indeterminate sentence. While we recognize that in some cases a Youth Act sentence has been so characterized (cf. Rawls v. United States, 331 F.2d 21 (8th Cir.1964), it is our view that the provisions of 18 U.S.C. § 5017(c) (d), requiring a regularly committed youth offender to be conditionally released after serving four years and a youth offender committed under § 5010(c) to be conditionally released not later than two years before the expiration of the term imposed, renders the sentence one for a definite term. If the fact that a committed youth offender is eligible for release at any time (§ 5017(a) ) renders the sentence one not for a definite term, the same would hold true for an adult sentence for a fixed term but subject to parole eligibility at any time under 18 U.S.C. § 4208(a) (2). Accordingly, we conclude that a Youth Act sentence is for a definite term; nevertheless, the provisions for good conduct credits under 18 U.S.C. §

4161 are not applicable to a Youth Act sentence.

■ There are two reasons for this conclusion. The Youth Corrections Act is an integrated law which carries within its four corners its own system for parole and conditional release. The parole scheme and conditional release provisions of Sections 4161 to 4166 do not govern eligibility for release under the Youth Act. These sections must be read in pari materia. Chieppa v. Krimsky, 169 F.Supp. 337 (S.D.N.Y.1959). Section 4202 explicitly excludes youth offenders. Secondly, we observe that § 5017(e) of the Youth Act provides: "Commutation of sentence authorized by any Act of Congress shall not be granted as a matter of right to committed youth offenders * * *." For years, the granting of credits against sentence for good conduct has, in the federal system, been considered a form of commutation of sentence. For example, 18 U. S.C. § 4162 reads, in part: "Such allowance shall be in addition to commutation of time for good conduct"; and the enacted title of 18 U.S.C. § 4166 is "Restoration of Forfeited Commutation." Cf. Duehay v. Thompson, 223 F. 305 (9th Cir.1915). The legislative history of the Youth Corrections Act (1950 U.S.Code Cong.Service, p. 3983) does not discuss Section 5017(e). It is our conclusion that at least one of the purposes of that provision is to explicitly preclude the applicability of good conduct credits under Section 4161 to a Youth Act sentence.

■ Movant challenges the constitutionality of his sentence because it results in effect in the imposition of a six year sentence which is in excess of the five year maximum which can be imposed under the statute creating the offense. It is well-settled that one who pleads guilty and is sentenced after being informed of the possibility of sentence under the Youth Corrections Act has no constitutional infringement about which to complain. Young Hee Choy v. United States, 344 F.2d 126 (9th Cir. 1965); United States v. Rehfield, 416

F.2d 273 (9th Cir. 1969). The record on file in this Court shows that movant not only was informed but requested sentence as a youth offender.

Title 18, United States Code, § 5017, allows confinement for four years from date of conviction without parole. Therefore, parole may be denied in the discretion of the authorities until the conditional release date. Accordingly,

It hereby is Ordered that the motion to vacate sentence is denied.