UNITED STATES of America ex rel. Booker Thomas COLLINS, Jr., Jesse Lee White, and Earl Walter Leverette, Relators,

v.

Elmer O. CADY, Warden of the Wisconsin State Prison, and the Honorable Rose Nugent, Clerk, Circuit Court for Milwaukee County, Respondents.

No. 70–C–625.

United States District Court,
E. D. Wisconsin.

Jan. 28, 1971.

Robert W. Warren, Atty. Gen., by William A. Platz, Asst. Atty. Gen., Madison, Wis., Robert P. Russell, Corp. Counsel, Milwaukee County, Milwaukee, Wis., for respondents.

Greenberg, Karp & Heitzman by Sander Karp, Milwaukee, Wis., for plaintiffs.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The petitioners seek a writ of habeas corpus. In a letter dated December 29, 1970, I advised counsel of my belief that the applicants were entitled to relief and asked their counsel to propose an order for my signature. The difficulties attendant to the composition of such order have provoked further research by the court, and I am now of the opinion that the writ should be denied.

The petitioners in this action were convicted of resisting an officer, a misdemeanor, by a state court on November 4, 1969, and each was sentenced to serve one year in the Milwaukee County House of Correction. In his return to the petition, the respondent states that Mr. White was discharged from the house of correction upon the completion of his term on August 23, 1970, and that Mr. Collins was discharged on September 5, 1970. The return also states that Mr. Leverette "absconded" from parole supervision while still owing 53 days on his house of correction sentence, and that his whereabouts presently are unknown. The present petition for a writ of habeas corpus was filed on November 4, 1970, and it attacks the November 4, 1969 conviction—a conviction for which at least Mr. White and Mr. Collins have already served their sentences.

On September 22, 1970, Mr. White and Mr. Collins were convicted of attempted murder and presently are confined in the state prison in Waupun. It is thus clear that their present confinement is unrelated to the conviction from which they seek relief by their application for a writ of habeas corpus.

Various continuing disabilities necessarily result from a criminal conviction. As stated in Sibron v. New York, 392 U.S. 40, 55, 88 S.Ct. 1889, 1899, 20 L.Ed. 2d 917 (1968), a case in which the court held that the right of appeal was preserved even though the appellant already had been released from custody by the time his appeal was perfected:

"[It is an] obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences. The mere 'possibility' that this will be the case is enough to preserve a criminal case from ending 'ignominiously in the limbo of mootness.'"

The fact that "adverse legal consequences" do flow from criminal convictions dictated the result in Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). In *Carafas*, however, the petitioner applied for a writ of

habeas corpus *before* his sentence expired, although his petition was not finally adjudicated on appeal until *after* his release from custody (both in the form of actual incarceration and in the form of parole). The court held that the case was not moot, stating (page 238, 88 S.Ct. page 1560): "* * * once the federal jurisdiction has attached in the District Court, it is not affected by the release of the petitioner prior to completion of proceedings on such application." The court expressly stated that the petitioner was in custody when he filed his application and noted at page 238, 88 S.Ct. page 1560:

> "The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed. This is required not only by the repeated references in the statute, but also by the history of the great writ."

*Carafas* has not escaped criticism. In Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038 (1970), the editors state at page 1077:

> "[In] deciding the case as it did, the Court gave several indications that it was consciously eschewing its opportunity to extend the custody concept to include petitioner's disabilities. First, by refusing to consider the collateral restraints themselves a custody, *Carafas* results in an apparent, arbitrary distinction. The negative pregnant of the not-moot holding is that habeas relief is not available to those who apply for the writ after their release, even though they may be subject to the same disabilities which the Court saw as sufficient to warrant a remedy in *Carafas* * * * Second, the Court twisted the statutory language to reach even this limited result. The statute specifies that '[t]he writ * * * shall not extend to a prisoner unless * * * [h]e is in custody. * * *' Although the writ had not issued prior to Carafas' release, the Court held jurisdiction had attached, since the statute requires only 'that the applicant must be "in custody"

*when the application for habeas corpus is filed.' * * * "*

There is nothing in the present action which indicates that, at least as far as Mr. White and Mr. Collins are concerned, there was any "custody" at the time they filed their petition that could be linked to their conviction for resisting an officer. The requirement in *Carafas* that some sort of custody must exist at the time the petition is filed—at least a custody attributable to the conviction under attack—has been followed in other cases. Thus, in United States v. Meyer, 417 F.2d 1020, 1022 n. 2 (8th Cir. 1969), it is stated that "The Court [in *Carafas*] did not hold that a habeas corpus petition could be instituted when the petitioner was not in custody."

In Marchand v. Director, U. S. Probation Office, 421 F.2d 331, 332 n. 1 (1st Cir. 1970), the court said: "As long as the petitioner was in custody at the time the petition was filed in the district court, jurisdiction continues and the court can 'dispose of the matter as law and justice require.' 28 U.S.C. § 2243 (1964)." See also Brown v. State, 426 F.2d 677 (8th Cir. 1970) (decision grounded partly on fact that the district court no longer had jurisdiction over a "proper custodian", i. e., a jailer or warden); Diehl v. Wainwright, 423 F.2d 1108 (5th Cir. 1970); Hewett v. State, 415 F.2d 1316 (4th Cir. 1969); Keys v. Dunbar, 405 F.2d 955 (9th Cir. 1969); Sciberras v. United States, 404 F.2d 247 (10th Cir. 1968); In re Thoresen, 395 F.2d 466 (1st Cir. 1968). Cf. Thacker v. Peyton, 419 F.2d 1377 (4th Cir. 1969); Cline v. United States, 412 F.2d 323 (5th Cir. 1969); Cappetta v. Wainwright, 406 F.2d 1238 (5th Cir. 1969).

Upon the foregoing analysis, I conclude that notwithstanding the expressions contained in my letter of December 29, 1970, the court should not grant the petition of Mr. White or Mr. Collins. There has been no suggestion that the conviction for which these two petitioners are currently confined bears any relationship to the one which they challenge in this petition. As for Mr.

Leverette, who might arguably still be deemed to be in some sort of technical custody as a result of his resisting-an-officer conviction, the petition will be denied without prejudice to his right to reapply if and when he returns to state custody.

Now, therefore, it is ordered that the petition for habeas corpus by Mr. White and Mr. Collins be and hereby is denied, and it is also ordered that the said petition by Mr. Leverette be and hereby is denied without prejudice.