**UNITED STATES ex rel. Raymond MYERS, Petitioner-Appellant,**

v.

**Robert G. SMITH, Warden, Vermont State Prison, and the State of Vermont, Respondents-Appellees.**

**No. 955, Docket 71–1077.**

United States Court of Appeals, Second Circuit.

Argued May 13, 1971.

Decided June 14, 1971.

Richard deCourcy Hinds, New York City, for petitioner-appellant.

Jon C. Stahl, Asst. Atty. Gen., James M. Jeffords, Atty. Gen. of Vermont, for respondents-appellees.

Before FRIENDLY, Chief Judge, WATERMAN, Circuit Judge, and ZAVATT, District Judge.*

PER CURIAM:

Raymond Myers appeals from a denial of his petition for a writ of habeas corpus by Chief Judge Leddy of the United States District Court for the District of Vermont. In 1966 petitioner was convicted by a jury in a Vermont state court of the misdemeanor of "open and gross lewdness and lascivious behavior" (13

V.S.A. § 2601) and sentenced to a term of imprisonment in the Vermont House of Correction. This sentence was fully served and upon its completion petitioner was unconditionally released from custody. Soon thereafter, in December 1967, he was convicted by a different Vermont court for the unrelated felony of Breaking and Entering in the Nighttime, a crime carrying a maximum penalty of imprisonment in the state prison for as long a period as fifteen years plus a $1,000 fine. After being informed by the prosecutor that Myers had been previously convicted under § 2601, the court imposed a four to six year sentence.

The present application was not filed until 1968 while petitioner was incarcerated in the State Prison for the felony conviction.[1] Petitioner alleges that he is in the custody of the Warden and that the 1966 § 2601 conviction was obtained in violation of the U.S. Constitution. We agree with Judge Leddy that though petitioner was certainly in the custody of the Warden he was not "in custody" relative to the 1966 conviction within the meaning of the habeas corpus statute, 28 U.S.C. § 2241(c) (3), at the time he applied for relief from his fully served previous sentence. Therefore, we affirm the district judge and hold that the petition was properly dismissed.

Petitioner argues that he has satisfied the custody requirement, citing Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) and Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed. 2d 426 (1968).

Until the decision in *Peyton,* the general rule was that federal jurisdiction would attach only if the applicant was in actual physical custody pursuant to and resulting from the conviction he seeks to set aside as having been uncon-

---

* Of the Eastern District of New York, sitting by designation.

1. The petition was filed on July 17, 1968. By an order dated August 20, 1968, Judge Leddy denied the application without a hearing. We reversed this denial order and remanded for a hearing. The petition was amended in May 1970, a hearing was held, and the application denied a second time by order dated November 13, 1970, the denial order now before us on appeal.

stitutionally obtained.[2] However, *Peyton* overruled McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934) and extended this narrow concept of the "in custody" requirement so that a state prisoner serving the prior of two consecutive or successive sentences imposed by the same state is "in custody" under any one of them for the purpose of having standing to challenge by a federal habeas corpus proceeding either of the convictions. And now state prisoners attacking a sentence imposed by one jurisdiction while incarcerated in another come within § 2241(c) (3) if a detainer has been lodged with the custodian of the applicant, Dodd v. United States Marshal, 439 F.2d 774 (2 Cir. March 22, 1971). And see e. g., United States ex rel. Meadows v. New York, 426 F.2d 1176 (2 Cir. 1970); Word v. State of North Carolina, 406 F.2d 352 (4 Cir. 1969) (*en banc*); United States ex rel. Van Scoten v. Pennsylvania, 404 F.2d 767 (3 Cir. 1968).

In *Carafas,* an application for the writ was filed while the petitioner was being detained under the conviction he sought to attack, but before the application was finally adjudicated his sentence expired and he was unconditionally released from custody. The Supreme Court ruled that jurisdiction over the timely brought petition had not been terminated by his release. Recognizing that certain "disabilities or burdens" would flow from the conviction, the case was not mooted by petitioner's release while his case was pending inasmuch as he still had " ' * * * a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him. * * * ', Fiswick v. United States, 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196 (1946)." Carafas v. LaVallee, 391 U.S. at 237, 88 S.Ct. at 1559.

Here, unlike *Peyton,* petitioner is not serving consecutive or successive sentences, nor is he seeking to attack the validity of a conviction for which he has not yet done any time; rather, here, while serving an unrelated sentence, he attacks an earlier conviction for which he has served out his full sentence and has been unconditionally released from custody. And, unlike *Carafas,* the petition was not filed while petitioner was being detained under the sentence he now attacks but the petition was filed after the release and while petitioner was "in custody" for an unrelated conviction.

Moreover, Cappetta v. Wainwright, 406 F.2d 1238 (5 Cir.), cert. denied, 396 U.S. 846, 90 S.Ct. 55, 24 L.Ed.2d 96 (1969), also a case upon which petitioner relies, is inapplicable. There the court held that habeas corpus jurisdiction exists where the petitioner is " 'in custody' but for another offense and on a separate sentence which is not being attacked * * * [if] his prior sentence is so connected to his present confinement as to warrant the attack." *Id.* at 1239. Here, petitioner did not allege that his Section 2601 conviction had affected his present detention and no evidence was presented on the point at the evidentiary hearing held by the district judge.

Affirmed.[3]

2. See Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), where the court's jurisdiction was upheld, even though the petitioner was on parole, because he was in the direct custody of his parole officer.

3. By our affirmance of the dismissal on jurisdictional grounds, we should not be interpreted as viewing with disfavor the merits of petitioner's claims. On the contrary, we are most sympathetic to them. We have no hesitancy in stating that, on the record before us, it appears that there were very grave violations of petitioner's constitutional rights during the 13 V.S.A. § 2601 proceedings. We would hope that, even at this late date, he might find some remedy available to him so that his conviction for "open and gross lewdness and lascivious behavior" can be reexamined by the Vermont courts.