Thomas Robert WILSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 76–1826.

United States Court of Appeals,
Eighth Circuit.

Submitted April 26, 1977.
Decided May 11, 1977.

Robert C. Sigler, Omaha, Neb., on brief, for appellant.

Daniel E. Wherry, U. S. Atty., and Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., on brief, for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Thomas Robert Wilson filed a motion to vacate judgment and sentence, pursuant to 28 U.S.C. § 2255. He alleged that certain materials were not made available to him in violation of the Jencks Act, 18 U.S.C. § 3500 (1957), or the holding in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); that the failure of counsel appointed to advise him to move for production of the materials constituted ineffective assistance of counsel; that his waiver of assistance of counsel was constitutionally defective; and that his court-appointed counsel did not advise him of his right to file a petition for certiorari in the Supreme Court after we affirmed his conviction on direct appeal in *United States v. Wilson*, 523 F.2d 828 (8th Cir. 1975).

We find no error in the district court's denial of relief on appellant's allegation of Jencks Act violations because such a claim is not cognizable under 28 U.S.C. § 2255. *Houser v. United States*, 508 F.2d 509, 515 (8th Cir. 1974); *Black v. United States*, 269 F.2d 38, 42 (9th Cir. 1955), cert. denied, 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357 (1960). *Contra, Krilich v. United States*, 502 F.2d 680 (7th Cir. 1974), cert. denied, 420 U.S. 992, 95 S.Ct. 1429, 43 L.Ed.2d 673 (1975). Even if the claim were cognizable, appellant failed to make a timely request for production of the materials. *United States v. Washington*, 504 F.2d 346, 349 (8th Cir. 1974); *see Lewis v. United States*, 340 F.2d 678, 682–83 (8th Cir. 1965). We decline to consider the allegations raised by appellant in his brief but not presented to the district court.

We do, however, grant relief to accord appellant his right to petition the Supreme Court for certiorari. Failure to advise a defendant of his right to petition for certiorari in the Supreme Court violates his right to effective assistance of counsel as guaranteed by Fed.R.Crim.P. 44(a) and the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1970), *see Report of the Committee to Implement the Criminal Justice Act of 1964*, 36 F.R.D. 282, 291 (1965); *Lacaze v. United States*, 457 F.2d 1075, 1078 (5th Cir.), cert. denied, 409 U.S. 921, 93 S.Ct. 251, 34 L.Ed.2d 180 (1972), and violates Section V of the Eighth Circuit Plan to Implement the Criminal Justice Act of 1964. Rules of the United States Court of Appeals for the Eighth Circuit App. at A–15 (1976). It may also violate constitutional rights to effective assistance of counsel and due process of law. *Cf. Williams v. United States*, 402 F.2d 548 (8th Cir. 1968); *Dillane v. United States*, 121 U.S.App.D.C. 354, 350 F.2d 732 (1965) (failure to advise of the right to a direct appeal). The view that Rule 44(a) and the Criminal Justice Act of 1964 require that a defendant be informed of his right to petition for certiorari as an aspect of a statutory right to effective assistance of counsel is supported by the action of the Supreme Court in *Doherty v. United States*, 404 U.S. 28, 92 S.Ct. 175, 30 L.Ed.2d 149 (1971) (per curiam) and *Schreiner v. United States*, 404 U.S. 67, 92 S.Ct. 326, 30 L.Ed.2d 222 (1971) (per curiam). In remanding mo-

tions for appointment of counsel to prepare a petition for certiorari for reconsideration in the light of Fed.R.Crim.P. 44 and the Criminal Justice Act of 1964, the Court implied that a defendant has a statutory right to assistance of counsel in preparing a petition for certiorari. *Schreiner v. United States, supra* at 67, 92 S.Ct. 326 (concurring opinion; Douglas, J.). *But see Ross v. Moffitt,* 417 U.S. 600, 617, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Such a right is clearly frustrated by failure to advise of the right to petition.

Accordingly, we recall our mandate, issued November 20, 1975, and simultaneously issue a new mandate reaffirming our prior affirmance of the judgment of conviction and, by a copy of this order, advise appellant and his present appointed counsel of appellant's right to petition for certiorari.