572 F.2d 617
 PROVIDENCE STATE BANK, Appellee,
v.
Donald R. BOHANNON, Appellant.
PROVIDENCE STATE BANK, Appellee,
v.
Donald R. BOHANNON, Joel A. Montgomery, Helen M. Johnson,
and C. E. Montgomery, Trustees of the Montgomery
Trusts, Appellants.
 Nos. 77-1168 and 77-1236.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 16, 1977.
Decided Feb. 14, 1978.
As Modified on Denial of Rehearing April 3, 1978.
 
 1
 Donald R. Rhodes, Bloomfield, Mo., argued, and G. Weber Gilmore, Jr. of Gilmore & Gilmore, Sikeston, Mo., on brief, for appellant Bohannon.
 
 
 2
 Bernard C. Rice, Blanton, Rice, Sickal, Gilmore & Winchester, Sikeston, Mo., argued and Ross Eshelman of Poague, Brock, Wall & Eshelman, Clinton, Mo., on brief, for appellants Montgomery et al.
 
 
 3
 Rush H. Limbaugh, Jr., Limbaugh, Limbaugh & Russell, Cape Girardeau, Mo., argued, and Thomas D. Graham of Graham & Graham, Jefferson City, Mo., on brief, for appellee.
 
 
 4
 Before BRIGHT and STEPHENSON, Circuit Judges, and SCHATZ, District Judge.*
 
 
 5
 SCHATZ, District Judge.
 
 
 6
 Defendants have appealed from an adverse decision of the district court[1] following trial to the court sitting without a jury.
 
 
 7
 In a prior lawsuit, plaintiff-appellee, Providence State Bank (hereafter Providence) recovered a judgment against First National Bank of Sikeston, Missouri, for the untimely dishonor of certain checks drawn on the account of Gibson Livestock Company in First National Bank of Sikeston. Providence then initiated this lawsuit to recover the balance of the dishonored checks from defendant Bohannon, a stockholder of Gibson Livestock and past president of First National Bank, and from the grantor and trustees of the Montgomery Trust, allegedly a creditor of Gibson Livestock.
 
 
 8
 The trial court found that Providence was not entitled to recover for fraud on the part of defendants-appellants because the damages sought were incurred after Providence became aware of the fraud. However, Providence was permitted to recover on derivative claims against the defendants-appellants for monies owed to Gibson Livestock, who was principally liable for the unpaid checks. The court found that defendant Bohannon owed Gibson Livestock $120,000 for unpaid stock subscriptions which sum might be attached by a corporate creditor such as Providence without obtaining an unsatisfied judgment against Gibson. The court further found that Bohannon was not entitled to offset an amount claimed as unpaid salary. The court found that defendant Montgomery and the Montgomery Trust had received $52,000 to guarantee a Gibson Livestock account at Union Planter's National Bank, but had not issued such a guarantee. Consequently, the court permitted Providence to recover that amount which it found to be owed to Gibson and by Gibson to Providence. In so finding, the court rejected the defense of res judicata or collateral estoppel based on the prior lawsuit by Providence against First National Bank and the claimed offsets for recoveries from Providence's former president and insurance carrier.
 
 
 9
 The defendants urge reversal of the district court findings and conclusions on the grounds that this action was barred by the principles of res judicata, collateral estoppel and unclean hands, that the findings of the district court are contrary to the weight of the evidence, and that the court erroneously refused to permit certain offsets against defendants' liability. Having carefully reviewed the record, we find that the decision of the trial court is supported by substantial evidence and there are no errors of law. Accordingly, we affirm on the basis of the well-reasoned opinion of the trial court reported at 426 F.Supp. 886 (E.D.Mo.1977).
 
 
 10
 Two issues raised for the first time in this court bear further comment. Defendant Bohannon argues that the trial court erroneously refused to offset against the judgment the sum of $69,592.40 which is the amount of a judgment in his favor on a cross claim against Gibson Livestock Company in the case of Vanover v. Gibson Livestock Company, No. 1217 (Crittendon, Kentucky, Circuit Court, February 18, 1972). Defendants Montgomery, et al., argue that a release of the collateral for the accounts of Gibson Livestock Company operated also to release the defendants from any liability to Gibson Livestock Company, thus extinguishing any derivative claims against these defendants. The offset in question was not raised as a defense in defendant's pleadings, by motion or at trial. The issue of the release was not litigated in the trial court on the theory that the appellant now suggests, that is, as any defense to liability on the derivative claim. The theory now advanced by appellants Montgomery, et al., has no reference in the record and that theory was not tried out in the court below. Defenses not raised or litigated in the trial court cannot be urged for the first time on appeal and we, therefore, do not consider such issues in the instant case. See Wilson v. United States, 554 F.2d 893, 894 (8th Cir. 1977); Anderson v. United States, 548 F.2d 249, 251 n.1 (8th Cir. 1977).
 
 
 11
 Affirmed.
 
 
 
 *
 The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska, sitting by designation
 
 
 [1]
 The Honorable John K. Regan, United States District Judge for the Eastern District of Missouri, Southeast Division