M. L. MUSTAIN, Warden, Appellee,

v.

Oscar Maurice PEARSON, Appellant.

No. 78–1723.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1979.

Decided Feb. 22, 1979.

Oscar Maurice Pearson, pro se.

Andrew W. Danielson, U. S. Atty., and Daniel W. Schermer, Asst. U. S. Atty., Minneapolis, Minn. and Paul C. Engh, Legal Intern., for appellee.

Before LAY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Oscar Maurice Pearson appeals the decision of the district court[1] dismissing his petition for a writ of habeas corpus. We affirm.

In May of 1974 Pearson, who was then twenty years old, was convicted of transporting forged securities in interstate commerce in violation of 18 U.S.C. § 2314. He was committed to the custody of the Attorney General for treatment and supervision pursuant to the Federal Youth Corrections Act (FYCA), 18 U.S.C. §§ 5005 *et seq.*, until discharged by the Youth Correction Division of the United States Parole Commission (the Commission)[2] as provided in § 5017(c) of the Act. That section places the following limitations on FYCA sentences:

> A youth offender . . . shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

18 U.S.C. § 5017(c).

In June of 1975, while serving his FYCA sentence, Pearson escaped from the Federal

---

1. The United States District Court for the District of Minnesota, The Honorable Harry H. MacLaughlin, District Judge, presiding.

2. In 1976 the FYCA was amended, deleting all references to the "Board of Parole" or the "Board" and substituting the terms "Parole Commission" or "Commission" respectively. *See* Pub.L. 94–233, § 4, 90 Stat. 231.

Correctional Institution (FCI) at Seagoville, Texas. But he was arrested shortly thereafter and was subsequently convicted of escape in federal district court for the Northern District of Texas. That court sentenced Pearson to six months imprisonment consecutive to the remainder of his FYCA sentence and expressly found, for the purpose of his escape conviction, that Pearson would no longer benefit from treatment under the FYCA. Thus the six month escape sentence was a normal "adult" sentence.

After his escape trial, Pearson was returned to the custody of the Attorney General and continued serving his FYCA sentence at the Sandstone, Minnesota FCI until June, 1976 when he received a timely conditional release pursuant to § 5017(c). This conditional release was to the consecutive escape sentence and Pearson served that sentence to its expiration in December, 1976. He was then released from federal custody, although, in the view of the Commission, he was still subject to the terms of his conditional release from the FYCA sentence.

In June, 1977 a parole violators warrant issued against Pearson for various violations of his conditional release.[3] He was subsequently arrested and accorded a revocation hearing. The Commission ordered Pearson to serve the remainder of his FYCA sentence at the Sandstone FCI. Pearson then filed a 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the validity of his escape sentence and of his present confinement on the theory that both were violative of the provisions of the FYCA. The district court, on the recom-

mendation of the United States Magistrate, dismissed this petition without prejudice to Pearson's right to assert a denial of due process claim relative to his revocation proceeding.[4]

Pearson's pro se brief on appeal raises three arguments as to why the district court erred in dismissing his petition: (1) the conditions of his present confinement are violative of the FYCA; (2) the adult escape sentence was illegally imposed in violation of the FYCA; and (3) the release to the escape sentence unconditionally discharged Pearson from the jurisdiction of the Commission and thus left it powerless to return him to federal custody.

▪ In challenging the conditions of his present confinement at Sandstone, FCI, Pearson asserts that this facility is not equipped to provide the treatment and training contemplated by the FYCA. Since this issue was raised for the first time on appeal this court will not consider it.[5] *Providence State Bank v. Bohannon,* 572 F.2d 617, 619 (8th Cir. 1978); *Wilson v. United States,* 554 F.2d 893, 894 (8th Cir. 1977).

▪ Secondly, Pearson asserts that his six month escape sentence was illegally imposed because it was inconsistent with the rehabilitative purpose of his earlier FYCA sentence. This claim cannot be brought pursuant to § 2241 because Pearson was unconditionally released from his escape sentence prior to the filing of his habeas petition and his present confinement is not under the challenged sentence. *See, e. g., United States ex rel. Myers v. Smith,* 444

---

3. Pearson was charged with failing to report a change in residence, failing to submit supervision reports, having possessed marijuana and failing to report an arrest for marijuana possession.

4. After dismissing Pearson's claims under the FYCA, Magistrate J. Earl Cudd noted that Pearson had alleged a denial of the right to appeal from his revocation. But Pearson's petition did not specifically seek his release on that ground, nor did it set forth facts relating to the alleged parole revocation. In these circumstances, the Magistrate was unable to evaluate

Pearson's due process claims and recommended dismissal of the petition without prejudice to a subsequent petition properly stating those claims.

5. We do note, however, that other courts have determined incarceration in a federal prison does not violate the FYCA because the Attorney General, pursuant to 18 U.S.C. §§ 4082 and 5015(b), has discretion to assign the place of confinement. *See, e. g., Abernathy v. United States,* 418 F.2d 288 (5th Cir. 1969); *Coats v. Markley,* 200 F.Supp. 686, 687 (S.D.Ind.1962).

F.2d 75, 76–77 (2d Cir. 1971), *citing Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *United States ex rel. Collins v. Cady,* 322 F.Supp. 1168 (E.D.Wis. 1971).

▮ The proper means of attacking the validity of a sentence which has already been served and which is unrelated to the petitioner's present confinement is by writ of error coram nobis. *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *United States v. Cariola,* 323 F.2d 180 (3d Cir. 1963); C. Wright, Federal Practice & Procedure § 592 at pp. 586–88. But such a writ can be filed only in the court where the alleged errors occurred. *Hensley v. Municipal Court,* 453 F.2d 1252 n.2 (9th Cir. 1972), *rev'd on other grounds,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); *Madigan v. Wells,* 224 F.2d 577, 578 n.2 (9th Cir. 1955), *cert. denied,* 351 U.S. 911, 76 S.Ct. 700, 100 L.Ed. 1446 (1956). Pearson's claim, in any event, would appear to be without merit. As the district court noted, the purpose of the FYCA is to increase rather than decrease judicial sentencing discretion. Thus the Act does not prohibit a consecutive adult sentence imposed for a separate offense committed after the imposition of a youth sentence. *Nast v. United States,* 415 F.2d 338 (10th Cir. 1969). *See also Roddy v. United States,* 509 F.2d 1145 (10th Cir. 1975) (Act does not prohibit the imposition of an adult sentence consecutive to a youth sentence if the two sentences are for separate crimes and are imposed by different courts).

▮ Finally, Pearson contends that his release to the consecutive adult sentence operated as an unconditional discharge from the FYCA sentence and terminated jurisdiction over him under FYCA. He argues, *citing Sprouse v. Settle,* 274 F.2d 681 (8th Cir. 1960), that service of his consecutive sentence could not legally commence until the FYCA sentence had been completed, that he was by operation of law discharged from the FYCA sentence to serve the escape sentence and that having served the latter sentence in full his subsequent release was unconditional.

This argument is not without superficial appeal but it misconceives both the common law policy against piecemeal service of sentences and the rehabilitative scheme of the FYCA.

Pursued to the end adoption of appellant's argument would mean that the Commission could not conditionally release a youth offender under § 5017 of the FYCA to serve a consecutive adult sentence; neither could it release such a youth offender conditionally and then retake him after a period outside of prison for the purpose of subjecting him to a consecutive adult sentence. Such a result would be absurd.

The FYCA is an integrated law which carries within its four corners its own system for parole and conditional release, *Foote v. United States,* 306 F.Supp. 627 (D.Nev.1969). While the rehabilitative potential under FYCA might be lessened by a consecutively imposed consecutive adult sentence, this consequence stems from the subsequent offense and does not invalidate the subsequent sentence, *Nast v. United States, supra.* Nor could it render legally ineffective the FYCA sentence.

▮ It has been recognized that the policy of the law disfavors piecemeal service of sentences. *See, e. g., Shields v. Beto,* 370 F.2d 1003 (5th Cir. 1967); *White v. Pearlman,* 42 F.2d 788 (10th Cir. 1930). Thus, consistent with that policy a subsequent adult sentence ordinarily should be served by a youth offender before he is finally released from custody subject only to the conditions of release contemplated by the Act.[6]

The action of the Commission having been consistent with both law and policy, the district court properly dismissed the petition and the judgment of that court is affirmed.

---

6. *Compare Cox v. United States ex rel. Arron,* 551 F.2d 1096 (7th Cir. 1977), which approved interruption of service of a federal sentence to permit prisoner to serve a state sentence where the federal sentence had been imposed to run consecutive to state sentence reinstated after collateral attack.

LAY, Circuit Judge, concurring.

I would dispose, under 18 U.S.C. § 4164, of petitioner's contention that his sentence under the Youth Correction Act was terminated at the time that he began to serve his consecutive sentence for the escape charge. It reads as follows:

A prisoner having served his term or terms less good-time deductions shall, upon his release be deemed as if released on parole, until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.

Compare Brown v. Kearney, 302 F.2d 22, 23 (5th Cir. 1962).