**Robert E. COTNER, Petitioner,**

v.

**STATE OF OKLAHOMA and Attorney General of the State of Oklahoma, Defendants.**

**No. Civ–81–1000–D.**

United States District Court,
W. D. Oklahoma.

Aug. 17, 1981.

Robert E. Cotner, pro se.

No entry of appearance for defendants.

### ORDER

DAUGHERTY, Chief Judge.

Petitioner is incarcerated at the Federal Correctional Institution, Texarkana, Texas. He has been permitted to file herein, *pro se; in forma pauperis,* his Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his petition, which is on forms prescribed for that purpose, he asserts that he is attacking a judgment and sentence of conviction entered in the Court of Criminal Appeals of the State of Oklahoma on July 9, 1981, in case number PC–81–110. In fact, that case was one in which the Court of Criminal Appeals of the State of Oklahoma affirmed the denial in the Tulsa County District Court of petitioner's application for post-conviction relief in case number CRF–76–1099 in which petitioner had been convicted of Rape In The Second Degree. The order of the Court of Criminal Appeals of the State of Oklahoma is clearly not a judgment and sentence of conviction, as that judgment had been entered in Tulsa County District Court in 1976. Plaintiff asserts that he has fully served the sentence imposed in that case.

As is noted above, petitioner is now a federal prisoner, presumably serving a federal sentence. Petitioner therefore does not attack a conviction for which he is presently incarcerated, but urges that his earlier state conviction was unconstitutionally obtained. He makes no claim that the punishment imposed in his current conviction was enhanced or otherwise affected in any way by the earlier conviction. Nor does he make any claim that he may be subject to being held in custody in the future under or by reason of the earlier conviction.

The provisions of 28 U.S.C. § 2254 are, in pertinent part, that:

"... [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

The provisions of 28 U.S.C. § 2241(c) similarly limit the availability of the writ.

Rule 1(a) of the Rules Governing Section 2254 Cases In The United States District Courts, 28 U.S.C. fol. § 2254, make it clear that those procedures are available only to a person in custody pursuant to a judgment of a state court, or threatened with future custody pursuant to such a judgment. Neither is the case here.

Where there is no contention that there is any relationship between an earlier sentence fully served and the sentence for which the petitioner is currently held in custody, there is no jurisdiction to attack the earlier sentence in federal habeas corpus proceedings. *Brown v. Wainwright,* 447 F.2d 980 (5th Cir. 1971).[1] The district court in *Diehl v. Wainwright,* 423 F.2d 1108 (5th Cir. 1970), stated that:

"... [T]he two sentences under attack in the instant petition have long since expired and there is no way petitioner could receive any credit even if they were set aside."

This Court has not been directed to any authority and has found none under which petitioner could be granted credit for time served on the conviction which he seeks to attack, either against the federal sentence under which he is presently being held in custody or against any state sentence.

---

1. The proper means to attack the validity of a sentence that has already been served and that is unrelated to the petitioner's present confinement is by writ of error *coram nobis.* *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *Mustain v. Pearson,* 592 F.2d 1018 (Eighth Cir. 1979). However, such a writ can be filed only in the Court in which the alleged error occurred. *Mustain v. Pearson, supra.* In this matter the alleged error did not occur in this Court.

In view of the foregoing, the Petition For Writ of Habeas Corpus will be dismissed for lack of jurisdiction. *Tyler v. Swenson*, 527 F.2d 877 (8th Cir. 1976).