439 F.2d 774
 Harry Lee DODD, Appellant,
v.
UNITED STATES MARSHAL and Washington State Board of Paroles and Pardons and Director, State of Washington, Department of Institutions and State of Washington, Appellees.
 No. 117.
 Docket 33305.
 United States Court of Appeals, Second Circuit.
 Argued October 19, 1970.
 Decided March 22, 1971.
 
 Timothy J. O'Connor, J., Brattleboro, Vt., for appellant.
 George W. F. Cook, U. S. Atty., D.Vt., for appellee United States Marshal.
 Before WATERMAN, ANDERSON and FEINBERG, Circuit Judges.
 WATERMAN, Circuit Judge:
 
 
 1
 Harry L. Dodd appeals from the dismissal without a hearing by the United States District Court for the District of Vermont of his application for a writ of habeas corpus.
 
 
 2
 In February, 1965, Dodd was convicted by a state court in the State of Washington of the crime of grand larceny and was sentenced to a term of imprisonment not to exceed fifteen years. This conviction was appealed to, and a writ of habeas corpus was sought from, the Washington Supreme Court, which affirmed the conviction and refused the writ in February, 1967, State v. Dodd, 70 Wash.2d 513, 424 P.2d 302 (1967). Dodd then sought relief through federal habeas corpus, but his petition addressed to the United States District Court for the Eastern District of Washington was denied on August 7, 1967. It appears that the State released Dodd on parole three weeks after this denial.
 
 
 3
 In May, 1968, Dodd was convicted of forgery by the United States District Court for the District of Vermont and was sentenced to a term of ten years.[1] Dodd is presently confined in a federal prison in Georgia. The record does not disclose that the State of Washington has filed a detainer with Dodd's federal custodians.
 
 
 4
 On June 3, 1968, while in federal custody in Vermont, Dodd filed the instant application, alleging that the Washington State conviction was constitutionally infirm and thus invalid. No detainer by Washington has been lodged with any Vermont or federal authority within Vermont. The district court reasoned that it lacked jurisdiction over the named defendants in the State of Washington and dismissed the application.
 
 
 5
 28 U.S.C. § 2241(c) (3) restricts the granting of the writ to only those petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States."[2] Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), overruling McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, (1934), held that a state prisoner serving the prior of two consecutive or successive sentences imposed by the same state was "in custody" under either one of them for the purpose of § 2241(c) (3) and could challenge the later sentence in a federal habeas corpus proceeding while still serving the earlier one. Peyton has been extended to state prisoners attacking sentences imposed by one state while incarcerated in another state, Word v. State of North Carolina, 406 F.2d 352 (4 Cir.1969) (en banc), United States ex rel. Van Scoten v. Pennsylvania, 404 F. 2d 767 (3 Cir. 1968), and to federal prisoners attacking state sentences, United States ex rel. Meadows v. New York, 426 F.2d 1176 (2 Cir. 1970), where a detainer has been filed with the custodian holding the petitioner at the time of application for the writ. The presence of the detainer is crucial because it "represents a present claim * * * of jurisdiction over * * * [the] person and the right to subject him to its orders and supervision in the future," United States ex rel. Meadows v. New York, supra at 1179. In the present case, inasmuch as no detainer has been filed by Washington State with the appropriate federal officials, Dodd is not "in custody" of the Washington officers and hence the district court was without jurisdiction to accept the application.[3]
 
 
 6
 Therefore, the judgment is affirmed.
 
 
 
 Notes:
 
 
 [1]
 He was subsequently sentenced by the same court on a perjury count to a four year term to be served upon completion of this sentence
 
 
 [2]
 We do not agree that the mere fact of parole without more, constitutes "custody" under this statute. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), does not compel a different conclusion. There the Supreme Court emphasized the conditions of the parole:
 [I]n fact, as well as in theory, the custody and control of the Parole Board involves significant restraints on petitioner's liberty because of his conviction and sentence, which are in addition to those imposed by the State upon the public generally. Petitioner is confined by the parole order to a particular community, house, and job at the sufferance of his parole officer. He cannot drive a car without permission. He must periodically report to his parole officer, permit the officer to visit his home and job at any time, and follow the officer's advice. He is admonished to keep good company and good hours, work regularly, keep away from undesirable places, and live a clean, honest, and temperate life. 371 U.S. at 242, 83 S.Ct. at 376.
 Dodd has offered no suggestion that the conditions of his parole are similarly restrictive. Neither has he suggested that Washington State has demonstrated any interest in restraining his liberty at all. Jones v. Cunningham demonstrates that we must look behind labels and beyond prison walls, if necessary, to determine the existence of any restraint. As appellant has not alleged that his parole status has restricted his freedom, and as there is no indication that Washington State wants to restrict his freedom, we conclude that his mere allegation of parole status is insufficient to find him "in custody" of the Washington officials.
 
 
 [3]
 In George v. Nelson, 9 Cir., 410 F.2d 1179 (1969), aff'd on other grounds, Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970), and Ashley v. Washington, 394 F.2d 125 (1968), the Court of Appeals for the Ninth Circuit has formulated the policy that only a district court in the district of confinement can entertain a habeas petition. This would prevent Dodd from prosecuting his petition in a district court in the State of Washington. The Fourth Circuit has ruled that the district of sentencing has jurisdiction, see Word v. State of North Carolina, 406 F.2d 352 (1969) (en banc). This court in United States ex rel. Meadows v. New York, 426 F.2d 1176 (1970), concluded that the district of sentencing may be the preferable forum where the petition alleges prejudicial effects in the district of confinement. Because of these uneasy and conflicting views, we express no opinion relative to appellant's rights had Judge Leddy sought to transfer this petition to the district court in Washington or if Dodd had requested such a transfer