**Michael Thomas NOONAN, Petitioner,**

v.

**Harold J. SMITH, as Superintendent of Attica Correctional Facility, Respondent.**

**No. Civ. 74-81.**

United States District Court, W. D. New York.

May 15, 1974.

Michael Thomas Noonan, pro se.

CURTIN, Chief Judge.

In response to this court's order of March 22, 1974, respondents have submitted an answering affidavit. That affidavit is a motion to transfer venue in this case, pursuant to 28 U.S.C. § 1404, to the United States District Court for the Central District of California. Petitioner's habeas corpus petition challenges a California detainer filed with the Attica Correctional Facility in March of 1973. The detainer is based upon a California judgment of conviction of burglary in the second degree, in violation of Section 459 of the Penal Code of the State of California. That judgment of conviction was entered in the Los Angeles County Superior Court on June 3, 1970. Petitioner alleges exhaustion of his state remedies.

The initial question for the court is whether petitioner can challenge the California detainer while in custody in New York. Based on the facts now before the court, it is clear that he can. The writ of habeas corpus may be employed to contest the validity of future as well as present restraints. *See* Peyton v. Rowe, 391 U.S. 54, 67, 88 S.Ct.

1549, 20 L.Ed.2d 426 (1968). The question of jurisdiction over the challenge of such a detainer was considered by the Second Circuit in United States ex rel. Meadows v. New York, 426 F.2d 1176 (2d Cir. 1970). In that case a petitioner in federal custody in Georgia challenged a detainer issued by a New York court located in the Southern District of New York. The court found that the federal district court in the Southern District of New York had jurisdiction to consider the habeas corpus petition even though petitioner was currently confined in a penitentiary in Georgia. In *Meadows,* the Second Circuit considered the reasons behind the jurisdictional requirements of the federal habeas corpus statute and concluded that in a case where a petitioner was challenging a detainer, the preferred jurisdiction to challenge that detainer would be the court that gave the sentence upon which the detainer was based. The court in *Meadows* reasoned that petitioner did not question the legality of his present detention; instead, his aim was to secure the withdrawal of the detainer lodged against him by the New York authorities. The court best situated to grant this relief would be the district court located in the State of New York, the state which had lodged the detainer. Similarly, in this case petitioner does not challenge his confinement in New York. He challenges the detainer upon which his future confinement in California would be based. Thus, the court best suited to grant that relief would be a district court located in the State of California. Other factors considered in *Meadows* which led to the decision that the district court within which sentence was pronounced would be the preferred jurisdiction were more practical ones. The fact that all of the records of the challenged conviction, many of petitioner's potential witnesses, as well as the proper representation of the real respondents in interest, all pointed to the district of sentencing as the proper forum for consideration of a habeas cor-

pus petition. Thus, respondent's motion is granted and this action is ordered transferred to the Central District of California. *See also* Dodd v. United States Marshal, 439 F.2d 774 (2d Cir. 1971).

So ordered.