Joseph P. Sullivah, J.
On March 11, 1974, movant, one of five defendants named in an indictment charging rape in the first degree and related offenses, entered a plea of guilty to an attempt to commit the crime of sodomy in the first degree. At the time movant was one month, 10 days short of his 17th birthday.
Sentencing was set for April 3, 1974. In the interim, precise date not known, movant wrote to his counsel as follows: “I decided to cop out to that C felony for the simple reason that I didn’t want my crimies [sic] to get more time just cause of me going to trial. But .still I say I’m not guilty.”
Counsel moved orally on the date of sentence for a withdrawal of the plea, claiming involuntariness. A hearing was directed by the sentencing Justice who, having taken the plea, disqualified, himself from any further consideration of the motion. The motion was then referred to this court for hearing and disposition. The following facts were adduced:
On March 7,1974, after a Wade hearing had been commenced and at least one identification witness heard from, the proeeédings were interrupted to afford the defendants, their counsel and family the opportunity to discuss the People’s plea offers. All five defendants were offered a plea. The offer to each defendant was, however, contingent upon all of the defendants accepting the respective offers' made. At the conclusion of these discussions, the matter was put over to March 11,1974 to accommodate the attorney for one of the defendants who had arranged a polygraph test for his client.
Whatever the understanding as to the status of the plea negotiations on March 7, 1974, two facts clearly emerge from the transcript of the continued proceedings on March 11, 1974: (1) movant was unwilling to admit guilt, and (2) his codefendants as a condition to the acceptance of their pleas were unwilling to inculpate him. It should be noted that the one identification witness who testified, while placing movant at the scene of the crime, did not involve him.
At this juncture, the People remained adamant in their insistence on ac< package deal ”. All the defendants would have *1004 to plead to the respective offers; otherwise, they would move the matter forthwith to trial.
It is also apparent that all four of movant’s codefendants were quite anxious to enter guilty pleas. As part of the plea bargain, the court had promised each of the defendants that if sentence could not be limited to a commitment to the State reformatory, he could withdraw his plea.
When asked by the court why his client had appeared to be ready to plead with the others on March 7, movant’s counsel replied: “He spoke to his father and he was led to believe that the only way the others would get a plea was if he were to take a plea; and tearfully he said he might do that and I spoke to his father about it. ”
Counsel further advised the court that: “ At no time did he say he did it.’-’
At this point in the proceedings, counsel offered to have movant enter a plea without an admission of guilt under the sanction of North Carolina v. Alford (400 U. S. 25). This offer was rejected by the court and there ensued the following colloquy. The court: ‘ ‘ All right. The answer is that there is no plea. They won’t take it.” Counsel: “It is a horrible pressure on my client.” >
Almost immediately thereafter, without any explanation appearing in the record, counsel stated: “We’ll take a plea, Judge, I believe now.” The court then proceeded to take movant’s plea which before being accepted was preceded by the usual providency inquiry during the course of which movant confessed his guilt.
Movant contends that his plea of guilty was the product of peer group pressure exerted by his four codefendants brought about by the condition attached by the People to the plea offers. Parenthetically, it should be noted, there is no illegality inherent in such condition.
There is statutory provision for the court to authorize 11 in its discretion ” the withdrawal of a guilty plea prior to sentence (CPL 220.60, subd. 4).
In reaching a determination appropriate to the discretion entrusted to it, the court would be wise to take counsel from Judge Breitel, who in People v. Nixon (21 N Y 2d 338, 354) stated: “It is not tolerable for the State to punish its members over protestations of innocence if there be doubt as to their pTiiltj or if they be unaware of their rights, or if they have not had opportunity to make a voluntary and rational decision with proper advice in pleading guilty.”
*1005 At issue here is the voluntariness of the plea, not movant’s guilt or innocence. Yet, the assertion of innocence is inseparable from the claim of involuntariness. It is movant’s contention that except for the facile “ yes ” in response to the court’s questioning on the taking of the plea, he at no time ever admitted his guilt. In fact, as the transcript of March II reveals, he was steadfast in his denial of guilt.
Standing against movant’s claim of involuntariness is his response of “yes” to the court’s inquiry as to whether the plea was voluntary and his answer of “no” to the question whether threats or force induced the plea. It has been held that the categorical “ yes ” or “ no ” in response to such questioning does not as a matter of law bar the withdrawal of a guilty plea (People v. Glenn, 34 A D 2d 634; see People v. Glasper, 14 NY 2d 893).
The court concludes that this plea cannot stands The ‘ ‘ all or nothing ” nature of the People’s offer had the effect of placing movant in the position of a stumbling block to the disposition of the case. This caused intense pressure to be put upon him by his codefendants who were ready and anxious to admit their guilt in exchange for what they perceived to be a good plea bargain.
Once the possibility of an Alford type plea was eliminated, this peer group pressure caused movant to succumb by accepting the only option available to him in the circumstances, a plea based on an admission of guilt. The concatenation of these circumstances rendered movant’s guilty plea involuntary.
In arriving at this conclusion the court has considered movant’s relative youth and inexperience in such matters. Also weighing in his favor, it should be noted, is the promptness of his complaint with respect to the propriety of the guilty plea (cf. People v. Chait, 7 A D 2d 399, 401, affd. 6 N Y 2d 855; People v. Nixon, 21 N Y 2d 338, 355, supra). Furthermore, the People are unable to show prejudice if the plea be withdrawn (People v. Phipps, 26 A D 2d 822; People v. McIntyre, 40 A D 2d 1038).
The motion is granted.