UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Leroy MERRIFIELD,
Defendant-Appellant.

No. 84–8631
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 20, 1985.

Jim Hudson (court-appointed), Athens, Ga., for defendant-appellant.

Edgar W. Ennis, Jr., Asst. U.S. Atty., Macon, Ga., Janis Kockritz, U.S. Dept. of

---

**896**

Justice, Washington, D.C., for plaintiff-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

On September 20, 1983, Robert Leroy Merrifield, the appellant, was adjudged guilty by the United States District Court for the Southern District of Mississippi of two offenses: conspiring to possess marijuana with intent to distribute and interstate transportation in aid of racketeering. The court sentenced Merrifield to prison for eighteen months on the first offense; as for the second, the court suspended the imposition of sentence and placed Merrifield on probation for five years. The court specified that the eighteen month "term of imprisonment ... is to run concurrent with any term of imprisonment [Merrifield] might receive in No. 83–16–ATH now pending in the Middle District of Georgia." Merrifield has been incarcerated under his eighteen month prison sentence since November 7, 1983.

On March 12, 1984, the United States District Court for the Middle District of Georgia, in case No. 83–16–ATH, sentenced Merrifield to three years in prison for conspiring to import marijuana. The court specified that the sentence run "consecutively to sentence now being served (i.e., the eighteen month sentence imposed by the Southern District of Mississippi)."

On July 23, 1984, Merrifield moved the Middle District of Georgia court to correct its three year sentence, to provide that it run concurrently with the earlier prison sentence, on the ground that the three year sentence was illegal. *See* Fed.R.Crim.P. 35(a). Merrifield's motion stated that that sentence was illegal, i.e., the court could not make it a consecutive sentence, because the Mississippi district court had made its sentence concurrent to any sentence the Middle District of Georgia might impose. The court denied his motion and Merrifield appeals.

Merrifield, in moving the court to correct his sentence, made no claim that his guilty plea, on which his sentence was based, was invalid, or that his sentencing hearing was in any way deficient. Nor does he claim that the court below imposed a sanction not authorized for one convicted of conspiring to import marijuana. He only contends that the Mississippi court's "concurrent" sentence somehow tied the hands of the sentencing judge in this case. Merrifield cites no authority, and we know of none, holding that a federal judge in one district, in fashioning a sentence, can unilaterally limit the sentencing power of, or circumscribe the statutory sanctions available to, a federal judge, acting in a separate case, of another district by imposing the sort of condition the Mississippi court sought to impose here.

Merrifield's complaint, if he has one, is with the United States District Court for the Southern District of Mississippi under 28 U.S.C. § 2255 (1982); for he seems to be saying that that court, in accepting his guilty plea, somehow bound itself to impose a sentence concurrent to one yet to be given in another court. But that issue is not before us.* All we must determine is whether the authority of the court below was limited by the earlier sentence, and we conclude that it was not.

AFFIRMED.

---

* Merrifield is of course free to seek relief in the United States District Court for the Southern District of Mississippi, it being apparent that the sentencing scheme contemplated by that court is not working out in practice.