Larry **FRAZIER,** Petitioner–Appellant,

v.

George C. **WILKINSON,** Warden, Leavenworth, Kansas, Robert Abrams, Attorney General of the State of New York, Elizabeth Holtzman, District Attorney, Kings County, and John Santucci, District Attorney, Queens County, Respondents–Appellees.

No. 698, Docket 87–2214.

United States Court of Appeals, Second Circuit.

Argued Jan. 28, 1988.

Decided March 21, 1988.

Richard B. Lind, New York City, for petitioner-appellant.

Robert I. Caloras, Asst. Dist. Atty., Kew Gardens, N.Y. (John J. Santucci, Dist. Atty., Kew Gardens, N.Y., on the brief), for respondents-appellees.

Before OAKES, NEWMAN, and MINER, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

Larry Frazier appeals from a judgment of the District Court for the Eastern District of New York (Eugene H. Nickerson, Judge) dismissing on the merits his petition for a writ of habeas corpus. The petition challenged Frazier's state court conviction and sentence for second-degree robbery. The principal issue is the jurisdictional question whether a prisoner in federal custody can bring a federal habeas corpus challenge to a consecutive state sentence where no detainer, based on the consecutive sentence, has been lodged at the federal prison. We conclude that the challenge may be brought, that the petition was correctly dismissed on its merits, and that any ambiguity in the state sentence involves no denial of federally protected rights, but is a matter for clarification in the state courts. We therefore affirm.

## Facts

In 1976 Frazier participated in two robberies in New York, one in Kings County and one in Queens County. He committed these crimes after escaping from federal prison, where he had served about two years of a fifteen-year sentence for bank robbery. On June 10, 1976, Frazier pled guilty in Supreme Court, Kings County, to first-degree robbery. During the plea proceeding, the Supreme Court Justice predicted, incorrectly as it turned out, that whatever sentence would be imposed in the Supreme Court, Queens County, would run concurrently with the remainder of the federal sentence. On June 18, 1976, Frazier pled guilty in Supreme Court, Queens County, to second-degree robbery. On August 4, 1976, Frazier was sentenced for the Kings County robbery to a term of five to ten years to run concurrently with the federal fifteen-year sentence. Thereafter Frazier unsuccessfully moved to withdraw his guilty plea to the Queens charge and was sentenced for that robbery on February 15, 1977. This sentence, imposed on Frazier as a predicate felon, was for a term of seven and a half to fifteen years to run concurrently to the Kings County sentence and "consecutively to Federal sentences and sentences pronounced in other states." The sentencing judge in Queens County had been informed that Frazier was still obliged to serve the remainder of his federal bank robbery sentence, three years for the escape from federal custody, and four or five years on a sentence imposed by the State of New Jersey. We are not informed whether the federal sentence for escape and the New Jersey sentence run concurrently or consecutively to the federal robbery sentence.

Frazier appealed the judgment of the Queens County court to the Appellate Division, Second Department, which affirmed without opinion, on June 23, 1980. Leave to appeal to the New York Court of Appeals was denied on October 27, 1980. While incarcerated in the federal penitentiary at Leavenworth, Kansas, serving the remainder of his federal bank robbery sentence, Frazier brought a petition for a writ of habeas corpus in the Eastern District of New York to challenge the conviction and sentence of the Supreme Court, Queens County. He alleged that he should have been allowed to withdraw his guilty plea and that the sentence was invalid. Finding no violation of any federally protected right, Judge Nickerson dismissed the petition.

### Discussion

*Jurisdiction.* At the outset, we confront a jurisdictional issue as to whether Frazier, now serving a federal sentence, can challenge the Queens County sentence, which has not been lodged against him as a detainer. The writ of habeas corpus is available to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (1982); *see also* 18 U.S.C. § 2254(a) (1982). At one time the Supreme Court took a restrictive view of the "in custody" requirement of section 2241(c)(3). Thus, in *McNally v. Hill,* 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), the Court ruled that a prisoner serving the first of two consecutive federal sentences could not challenge the second sentence. However, the Court subsequently reconsidered *McNally* and overruled it in *Peyton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). In *Peyton* the Court permitted prisoners serving the first of two consecutive sentences imposed by the State of Virginia to challenge the second sentence. The Court acknowledged that the prisoners were not technically "in custody" under the sentence each was challenging and that a successful challenge to the second sentence would not result in their immediate release. Nevertheless, the Court adopted an interpretation of section 2241(c)(3) "which views [the prisoners] as being 'in custody' under the aggregate of the consecutive sentences imposed on them." *Id.* at 64, 88 S.Ct. at 1555. The Court continued, "Under that interpretation, they are 'in custody in violation of the Constitution' if any consecutive sentence they are scheduled to serve was imposed as the result of a deprivation of constitutional rights." *Id.* at 64–65, 88 S.Ct. at 1554–1555. This interpretation was adopted because "[p]ostponement of the adjudication of [petitioners' claims] for years can harm both the prisoner and the State and lessens the probability that final disposition of the case will do substantial justice." *Id.* at 62, 88 S.Ct. at 1553 (footnote omitted).

In *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), the Court further relaxed the "in custody" requirement. *Braden* permitted a prisoner serving an Alabama sentence to use federal habeas corpus to demand on speedy trial grounds an immediate trial on a pending Kentucky indictment. *Braden* differed from *Peyton* in that the prisoner was challenging the authority of a jurisdiction different from the jurisdiction of current confinement, and the petitioner was facing a pending indictment, not a consecutive sentence previously imposed. Noting that a detainer based on the Kentucky indictment had been lodged against the petitioner in Alabama, the Court said it had "no difficulty concluding that petitioner is 'in custody' for purposes of 28 U.S.C. § 2241(c)(3)" because "the Alabama warden acts here as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer." *Id.* at 489 n. 4, 93 S.Ct. at 1127 n. 4. Then, foreshadowing the problem we face in the pending case, the Court said it "need not decide whether, if no detainer had been issued against him, petitioner would be sufficiently 'in custody' to attack the Kentucky indictment by an action in habeas corpus." *Id.*

Two decisions of this Circuit illuminate but do not resolve the issue we confront. In *United States ex rel. Meadows v. New York,* 426 F.2d 1176 (2d Cir.1970), *cert. denied,* 401 U.S. 941, 91 S.Ct. 944, 27 L.Ed.2d 222 (1971), a prisoner serving a federal sentence sought habeas corpus to challenge a prior New York conviction. New York had paroled the petitioner and then issued a parole violation warrant after learning that he was wanted on federal charges. After petitioner was placed in federal custody, New York lodged a parole detainer against him with the federal authorities. We ruled that the detainer satisfied the "in custody" requirement of section 2241(c)(3) because it "represent[ed] a present claim by New York of jurisdiction over [petitioner's] person and of the right to subject him to its orders and supervision in the future." *Id.* at 1179.

*Dodd v. United States Marshal,* 439 F.2d 774 (2d Cir.1971), represents the inverse of *Meadows.* Like Meadows, Dodd

was serving a federal sentence and sought habeas corpus to challenge a prior state (Washington) sentence from which he had been released on parole. Unlike Meadows, however, Dodd was not subject to a detainer issued by Washington authorities. We distinguished *Meadows* on this basis and held that Dodd was not "in custody" of the state officials in the absence of a detainer and that the District Court lacked habeas jurisdiction over his challenge to the Washington conviction. *Id.* at 775.

▮ No decision that we have located has considered whether habeas corpus will lie to challenge a sentence consecutive to a sentence currently being served where no detainer supported by the second sentence has been lodged. We think that habeas corpus may be used as long as there is a reasonable basis to apprehend that the jurisdiction that obtained the consecutive sentence will seek its enforcement. As the Supreme Court pointed out in *Peyton*, the interests of both the petitioner and the state are served by permitting habeas challenges to consecutive sentences prior to the commencement of their service. The policies of the Great Writ are surely not served by permitting a state to postpone, perhaps for many years, a challenge to its consecutive sentence by the simple expedient of deferring the filing of a detainer until close to the end of the initial sentence.

The absence of a detainer should not have the controlling significance in the context of a consecutive sentence that we accorded it in the context of parole violation in *Meadows* and *Dodd*. When a state paroles a prisoner, it is by no means certain that it will expend resources to return him to its custody for service of an unexpired sentence because of a conviction in another jurisdiction. In *Dodd*, in the absence of a detainer, we had no indication from Washington whether that State intended to resume custody over the petitioner. Significantly, the appellate report of the *Dodd* decision reflects no appearance on behalf of Washington authorities, underscoring the Court's doubts as to the State's intentions. In *Meadows* the lodging of a parole detainer and New York's opposition to the habeas petition provided a clear indication that New York intended to assert a claim to future custody. With a consecutive sentence, however, the absence of a detainer rarely leaves a state's intention in doubt. There is normally an expectation that a state imposing a consecutive sentence will insist that it be served. It would be exceedingly technical to insist on the lodging of a detainer as evidence that a state intends to require service of a consecutive sentence.

▮ In the pending case, it is clear that New York intends to require the petitioner to serve the Queens County sentence upon his release from federal custody.[1] Counsel for the Queens District Attorney makes no contrary contention. In such circumstances, the pendency of the consecutive sentence satisfies the "in custody" requirement of section 2241(c)(3).[2]

*The Merits.* Frazier challenges the Queens conviction on the ground that he was unlawfully denied leave to withdraw his guilty plea. Though he asserted his innocence at the time he sought to withdraw his plea, he had unequivocally ac-

---

1. New York provides by statute that "a certificate of conviction showing the sentence pronounced by the court ... constitutes the authority for execution of the sentences and serves as the order of commitment, and no other warrant, order of commitment or authority is necessary to justify or to require execution of the sentence." N.Y.Crim.Proc.Law § 380.60 (McKinney 1983).

2. This approach finds some support in *Jones v. Johnston*, 534 F.2d 353 (D.C.Cir.), *vacated on other grounds sub nom. Reed v. Byrd*, 429 U.S. 995, 97 S.Ct. 520, 50 L.Ed.2d 606 (1976). The issue there was whether a habeas petitioner was "in custody" for purposes of a challenge to a parole violator warrant. A detainer based on the warrant had been lodged against him at his current place of confinement and then temporarily withdrawn. The Court rejected an argument that habeas custody was lacking during the absence of the detainer. The Court relied on the evident intent of the parole authorities to retake the petitioner at the conclusion of his current sentence, *id.* at 357 n. 9, thereby indicating that the test for "custody" is the intention of the jurisdiction whose prospective confinement is sought to be challenged, rather than the technical pendency of a detainer.

knowledged his guilt when the plea was entered. The State Supreme Court Justice conducted a thorough plea allocution, during which Frazier agreed with his co-defendant's account of the crime and stated, "We robbed him." Petitioner contends his plea was the product of coercion because his plea bargain was acceptable to the prosecutor only if both Frazier and his co-defendant pled guilty. Though at least one New York court has deemed it appropriate to permit withdrawal of a guilty plea entered as part of an all-or-nothing arrangement with all defendants in a case, *People v. Rodriguez,* 79 Misc.2d 1002, 362 N.Y.S. 2d 116 (Sup.Ct. Bronx County 1974), we agree with Judge Nickerson that to whatever extent Frazier was motivated to aid his co-defendant, he did not plead guilty in response to any coercion by a public official. Nor is Frazier's plea unconstitutionally tainted by the prediction of the Kings County Supreme Court Justice that the Queens County sentence would be concurrent with the federal sentence. *See United States v. Merrifield,* 755 F.2d 895 (11th Cir.1985) (per curiam). The Supreme Court Justice in the Queens County case explicitly informed Frazier that whatever sentence he received, which he stated might be as much as fifteen years, could be imposed consecutively to the federal sentence. Frazier was fully informed of the sentencing possibilities, and the denial of leave to withdraw the guilty plea did not deprive him of any federally protected right. *See Hunter v. Fogg,* 616 F.2d 55, 58 (2d Cir.1980).

Frazier also challenges the sentence imposed for the Queens County offense, though the nature of the challenge is not clear. His petition asserts that his state sentences "were invalid because they could not be carried out." The petition unsuccessfully endeavors to amplify this claim by contending that "the state could not order the running of their sentences concurrent with the federal sentence, which consequently misled the petitioner in the plea agreement." Frazier's appellate counsel focuses his challenge to the sentence on a renewal of the claim that Frazier had anticipated a sentence concurrent with the federal sentence and should have been allowed to withdraw his plea if a consecutive sentence was to be imposed. Judge Nickerson interpreted the claim to be an objection to the dual characteristics of the Queens sentence—running consecutively to the federal sentence yet concurrently with the Kings sentence, which itself was concurrent with the federal sentence.

The only claim of any arguable merit we can divine from Frazier's papers is the one identified by Judge Nickerson. The Queens sentence can be viewed as containing an internal inconsistency. It is stated to be consecutive to the federal sentence. However, since the Queens sentence runs concurrently with the Kings sentence, which in turn runs concurrently with the federal sentence, it is arguable that while Frazier is serving his federal sentence, he should be deemed to be serving not only the Kings sentence but also the Queens sentence. Under that interpretation the Queens sentence would run concurrently with service of the federal sentence at least until the expiration of the ten-year Kings sentence, at which point five years would remain on the Queens sentence; those five years would presumably remain to be served consecutively to the federal sentence. On the other hand, as Judge Nickerson pointed out, the sentencing judge in Queens expressed an intention to have the entire fifteen-year Queens sentence run consecutively to the federal sentence.

Under either interpretation of the Queens sentence, it does not deprive Frazier of any federally protected right. New York is entitled to impose a sentence fully consecutive to a federal sentence. Thus, even if the sentence is interpreted as having the more severe consequence of complete consecutiveness, Frazier has no right to habeas corpus relief. However, we think the District Attorney for Queens County, as an officer of both this Court and the New York Supreme Court, has an obligation to cooperate with Frazier's counsel in endeavoring to secure from the New York Supreme Court an explicit clarification of the Queens sentence.

Finally, Judge Nickerson acted within his discretion in declining to appoint counsel

for Frazier, since Frazier's claims did not meet the threshold requirement that they "seem[ ] likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

The judgment of the District Court is affirmed.