**Alberto DURAN, Petitioner–Appellant,**

v.

**Janet RENO, U.S. Attorney General; Doris Meissner, Commissioner of U.S.I.N.S.; Edward J. McElroy, District Director of U.S.I.N.S., Respondents–Appellees.**

**Docket No. 98–2715**

United States Court of Appeals, Second Circuit.

Submitted: Oct. 30, 1998

Decided: Sept. 20, 1999

Alberto Duran, pro se, Marcy, New York, for Petitioner–Appellant.

Before: WINTER, Chief Judge, RESTANI,* Judge, MUKASEY,** District Judge.***

WINTER, Chief Judge:

Alberto Duran, a state prisoner facing deportation, moves for the appointment of counsel in his appeal from Chief Judge Griesa's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the motion is granted.

In 1996, appellant was sentenced in New York State Supreme Court for attempted sale of a controlled substance in the third degree, an offense to which he had pleaded guilty. Appellant alleged in his petition that he immigrated to the United States from the Dominican Republic in 1973 and that, prior to being incarcerated in state prison for the attempted sale conviction, he resided in New York with his mother and siblings, all of whom are naturalized citizens or in the process of becoming naturalized. The attempted sale conviction was used by the United States Immigration and Naturalization Service ("INS") as a basis to initiate deportation proceedings against appellant pursuant to Section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996).

In April 1997, the United States Department of Justice issued a summary order for appellant's deportation. Appellant appealed to the Board of Immigration Ap-

* The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

** The Honorable Michael B. Mukasey, of the United States District Court for the Southern district of New York, sitting by designation.

*** Pursuant to 28 U.S.C. § 46(b) and an order of the Chief Judge of this Court certifying a judicial emergency, this case was heard by a panel consisting of the Chief Judge of this Court, one judge of the United States District Court sitting by designation, and one judge of the United States Court of International Trade sitting by designation.

peals ("BIA"), arguing that the government's retroactive application of the AEDPA and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (1996), to him violated the Constitution's due process, equal protection, and ex post facto clauses. The BIA dismissed the appeal without reaching appellant's constitutional claims as to the AEDPA or IIRIRA, stating that it "cannot rule on the constitutionality of laws enacted by Congress."

Thereafter, appellant petitioned the district court for the Southern District of New York for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The district court dismissed the petition *sua sponte*, concluding that it lacked jurisdiction to hear the case because appellant, who was incarcerated in state prison as opposed to being detained in an INS detention center, had failed to allege that he was in appellee's "custody." *See Duran v. Reno*, No. 98 Civ. 4110, slip op. at 1–2 (S.D.N.Y. June 11, 1998). Appellant filed a timely notice of appeal and moved for *in forma pauperis* status. We granted the motion for *in forma pauperis* status and then appellant filed the instant motion for appointment of counsel.

In deciding whether to appoint counsel, we address two issues. First, we must decide whether appellant's appeal has likely merit or whether appointing counsel is in the interests of justice. Second, assuming that we decide to appoint counsel, we must then determine whether Criminal Justice Act ("CJA") funds may be used to provide counsel. We address the issues in turn.

■ We appoint counsel in civil cases only if appellant has made "a threshold showing of some likelihood of merit." *Hendricks v. Coughlin*, 114 F.3d 390, 391 (2d Cir.1997) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir.1989) (per curiam)). The Criminal Justice Act provides that: "Whenever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2).

The issue on appeal—whether a state prisoner with a final deportation order is in custody of the INS for purposes of being entitled to habeas relief—has not been decided by this Court. Nevertheless, we have held that custody for habeas purposes is not limited to actual, physical confinement. *See Frazier v. Wilkinson*, 842 F.2d 42, 44–45 (2d Cir.1988); *see also Hensley v. Municipal Court*, 411 U.S. 345, 351–53, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (habeas petitioner released on own recognizance was in custody for purposes of habeas challenge to conviction). In addition, we have agreed in more than one case that the INS had custody of certain aliens facing deportation who were not in the INS's physical custody. *See Henderson v. INS*, 157 F.3d 106, 124 (2d Cir.1998) (noting that "the concept of 'in custody' for habeas purposes has broadened in recent years" and that "the rules treating the immediate custodian as the only proper respondent . . . have not been applied consistently or in a rigid fashion"), *cert denied sub nom.*, —— U.S. ——, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999); *Waldron v. INS*, 17 F.3d 511, 516 (2d Cir. 1994).

In light of these decisions, appellant's confinement in state prison, as opposed to an INS detention center, arguably does not preclude him from seeking habeas review. Moreover, the appeal presents an issue of first impression in this circuit. The appeal therefore has likely merit and it is in the interests of justice to appoint counsel.

■ The CJA clearly provides for the appointment of counsel to otherwise qualified individuals "seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). Appellant's request for counsel falls squarely within the unam-

biguous meaning of the statute, which expressly includes actions under Section 2241. Thus, CJA funds may be used to provide counsel for appellant in this case.

We therefore grant appellant's motion for appointment of counsel. Counsel shall be appointed from the Criminal Justice Act panel.