## RONALD J. HICKEY *v.* COMMISSIONER OF CORRECTION
## (SC 17207)

Sullivan, C. J., and Norcott, Katz, Palmer and Vertefeuille, Js.

Argued March 10—officially released July 26, 2005

*Sandra J. Crowell*, assistant public defender, with whom was *Temmy Ann Pieszak*, chief of habeas corpus services, for the appellant (petitioner).

*Steven R. Strom*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Ronald J. Hickey, appeals from the judgment of the Appellate Court affirming the judgment of the habeas court, which dis-

missed his petition for a writ of habeas corpus. See *Hickey* v. *Commissioner of Correction*, 82 Conn. App. 25, 842 A.2d 606 (2004). The Appellate Court, applying the standard set forth by the Second Circuit Court of Appeals in *Frazier* v. *Wilkinson*, 842 F.2d 42, 45 (2d Cir.), cert. denied, 488 U.S. 842, 109 S. Ct. 114, 102 L. Ed. 2d 88 (1988),[1] concluded that the petitioner, who is currently incarcerated in Arizona but allegedly has 147 days left to serve on a Connecticut sentence for which there is no outstanding detainer, was not in the custody of the respondent, the commissioner of correction, within the meaning of General Statutes § 52-466.[2] *Hickey* v. *Commissioner of Correction*, supra, 29, 31, 34–37. Accordingly, the Appellate Court determined that the habeas court lacked subject matter jurisdiction to consider the petitioner's habeas petition. Id., 32. We

---

[1] In *Frazier*, the Second Circuit Court of Appeals concluded that a habeas petitioner who is incarcerated on a federal sentence is also "in custody," within the meaning of the federal habeas statute, 28 U.S.C. § 2241 (c) (3), on a consecutive state sentence for which no detainer has been lodged, if "there is a reasonable basis to apprehend that the jurisdiction that obtained the consecutive sentence will seek its enforcement." *Frazier* v. *Wilkinson*, supra, 842 F.2d 44–45. In this case, the Appellate Court concluded that "it is doubtful that Connecticut will seek to obtain custody of the petitioner . . . ." *Hickey* v. *Commissioner of Correction*, supra, 82 Conn. App. 36.

[2] General Statutes § 52-466 provides in relevant part: "(a) An application for a writ of habeas corpus shall be made to the superior court or to a judge thereof for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of his liberty, provided any application made by or on behalf of a person confined in the Connecticut Correctional Institution, Enfield-Medium or the Carl Robinson Correctional Institution, Enfield, shall be made to the superior court or a judge thereof for the judicial district of Tolland.

"(b) The application shall be verified by the affidavit of the applicant for the writ alleging that he truly believes that the person on whose account the writ is sought is illegally confined or deprived of his liberty.

"(c) The writ shall be directed to some proper officer to serve and return, who shall serve the same by putting a true and attested copy of it into the hands of the person who has the custody of the body of the person who is directed to be presented upon the writ. If the officer fails to make immediate return of the writ, with his actions thereon, he shall pay fifty dollars to the person so held in custody. . . ."

granted the petitioner's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly affirm the trial court's dismissal of the petitioner's habeas corpus petition?" *Hickey* v. *Commissioner of Correction*, 269 Conn. 913, 852 A.2d 742 (2004). The petitioner claims on appeal that the Appellate Court improperly applied the standard set forth in *Frazier* in determining whether he was in "custody" for purposes of § 52-466 and, therefore, improperly concluded that the habeas court lacked subject matter jurisdiction to consider his habeas petition.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.