******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WILLIS W. *v.* OFFICE OF ADULT PROBATION*
(AC 44796)

Prescott, Moll and Suarez, Js.

*Syllabus*

The petitioner, who had been convicted, following a guilty plea, of two counts of reckless endangerment in the first degree, sought a writ of habeas corpus, claiming that his trial counsel had rendered ineffective assistance. The petitioner had been sentenced, inter alia, to a period of three years of probation, which ended on April 7, 2020. The habeas court granted the respondent's motion to dismiss the petition on the basis that it lacked jurisdiction, as the court did not receive the petition until April 24, 2020, at which point the petitioner was not in custody. The habeas court granted the petition for certification to appeal, and the petitioner appealed to this court. *Held* that the habeas court properly dismissed the petition for lack of subject matter jurisdiction: although the petitioner effected personal delivery of his petition to a state marshal on the final day of his probation, the court declined to apply the savings statute (§ 52-593a), as a habeas action, unlike other civil actions, is not initiated until a petitioner files the petition with the clerk of the court for review by a judge; moreover, this court declined to review the petitioner's claim that he met the "in custody" requirement of the statute (§ 52-466) because he was being deprived of his liberty as a result of two standing criminal protective orders, effective for ten years, which were entered by the court at sentencing, as the petitioner failed to distinctly raise this claim before the habeas court and the court did not rule on this claim in a manner adverse to the petitioner.

Argued March 10—officially released May 24, 2022

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Bhatt, J.*, granted the respondent's motion to dismiss and rendered judgment thereon; thereafter, the court granted the petition for certification to appeal, and the petitioner appealed to this court. *Affirmed.*

*Cameron L. Atkinson*, with whom, on the brief, were *Norman A. Pattis*, and *Patrick Nugent*, certified legal intern, for the appellant (petitioner).

*Linda F. Rubertone*, senior assistant state's attorney, with whom, on the brief, were *Paul J. Ferencek*, state's attorney, and *Kelly A. Masi*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. Following a grant of certification to appeal, the petitioner, Willis W., appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus for lack of subject matter jurisdiction. The petitioner claims that the court erred by (1) declining to apply General Statutes § 52-593a,[1] a savings statute that allows a plaintiff to avoid dismissal of a civil action on statute of limitations grounds through timely personal delivery of process to a proper officer and (2) concluding that he did not meet the jurisdictional "in custody" requirement of General Statutes § 52-466 (a),[2] despite the fact that, at the time he filed his habeas petition, his liberty was being deprived as a result of two standing criminal protective orders. We affirm the judgment of the habeas court.[3]

The relevant procedural history is not in dispute. On April 7, 2017, pursuant to a plea agreement, the petitioner pleaded guilty to two counts of reckless endangerment in the first degree in violation of General Statutes § 53a-63. The trial court, *Comerford, J.*, accepted the plea and imposed a total effective sentence of one year of incarceration, execution suspended, followed by three years of probation. The court also entered two standing criminal protective orders, which were effective for ten years. These orders precluded the petitioner from having any contact with his two minor children and from owning any firearms.

With respect to the filing of the petition for a writ of habeas corpus that is the subject of this appeal, the habeas court, *Bhatt, J.*, found in its memorandum of decision dismissing the petition that, "[o]n April 6, 2020, counsel for [the petitioner] gave [the habeas petition filed in the present case] to a state marshal to serve on the [Office of Adult Probation, the] named respondent.[4] Service was effectuated on April 8, 2020, and the Superior Court received a copy of the petition on April 24, 2020, and the matter was thereafter assigned a docket number. In that petition, [the petitioner] claim[ed] that he received ineffective assistance of counsel because trial counsel should not have advised him to accept a plea deal given the evidence against [him]. Had trial counsel adequately advised [the petitioner, the petitioner contended], he would not have pleaded guilty and would have received a more favorable outcome.

"On October 23, 2020, the [respondent] filed a motion to dismiss, arguing, inter alia, that the court lack[ed] jurisdiction because [the petitioner] was not in custody at the time the habeas petition was filed with the court on April 24, 2020.[5] On December 10, 2020, [the petitioner] filed a memorandum of law in opposition to the [respondent's] motion to dismiss. In that [memorandum], he alleged that his [trial] counsel mailed a copy of the petition to a state marshal who received it on April 7, 2020, the last day of

his probationary period. He argues that this constitute[d] compliance with . . . § 52-593a and, therefore, the petition was filed while he was still in custody.[6] On January 12, 2021, the [respondent] filed a corrected memorandum of law in support of [its] motion to dismiss . . . . The court heard oral arguments on January 13, 2021." (Footnotes added; footnote omitted.)

In its decision granting the motion to dismiss, the court relied on the undisputed factual submissions of the petitioner with respect to the steps he took to initiate the habeas action. The court, however, agreed with the respondent that it lacked subject matter jurisdiction over the habeas petition because the petitioner was not in custody—meaning in prison, on parole, or on probation—at the time that the habeas petition was filed with the court. In this regard, the court relied on § 52-466 and well established case law related thereto. The habeas court, referring primarily to this court's analysis in *Hastings* v. *Commissioner of Correction*, 82 Conn. App. 600, 847 A.2d 1009 (2004), appeal dismissed, 274 Conn. 555, 876 A.2d 1196 (2005), reasoned that the operative date for determining whether a petitioner in a habeas action is " 'in custody' " is the date on which the petition is received in court. The habeas court concluded that the petitioner was not in custody on the date on which his petition was received in court because his probationary period ended on April 7, 2020, and he was "free of any restraints on his liberty on April 24, 2020."

The habeas court rejected the petitioner's reliance on § 52-593a. As noted previously in this opinion, the petitioner argued that he was entitled to the protection afforded by this remedial statute and that the action was filed while he was in custody because he was still on probation on April 7, 2020, the date on which a marshal, Alex J. Rodriguez, received the petition to serve on the respondent. See footnote 6 of this opinion. The court, relying on *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 555–61, 223 A.3d 368 (2020), noted that, unlike other civil actions, a habeas action is initiated when a petitioner *files the petition with the clerk of the court* for review by a judge who, pursuant to Practice Book § 23-24, undertakes a preliminary review of the petition and determines whether the writ shall issue. As our Supreme Court explained in *Gilchrist*, in a habeas action, service of process does not occur until after a petition is filed in court for a preliminary review, the court determines that the petition pleads a nonfrivolous claim upon which relief can be granted and over which the court has jurisdiction, and the writ issues. Id., 556–57. The habeas court reasoned that, "[d]ue to the difference in the manner in which a petition for a writ of habeas corpus is to be filed [with the court], § 52-593a is not implicated." Accordingly, the court dismissed the petition for lack of subject matter jurisdiction under Practice Book § 23-29 (1).[7] The court thereafter granted the petitioner's petition for certification to

appeal, which was brought pursuant to General Statutes § 52-470.

"The conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 114 Conn. App. 778, 784, 971 A.2d 766, cert. denied, 293 Conn. 915, 979 A.2d 488 (2009).

"A court has subject matter jurisdiction if it has the authority to hear a particular type of legal controversy. . . . Our Supreme Court has held that the party bringing the action bears the burden of proving that the court has subject matter jurisdiction. . . . [W]ith regard to subject matter jurisdiction, jurisdictional facts are [f]acts showing that the matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of that court. . . .

"Our state's habeas proceedings are defined by General Statutes § 52-466 (a) (1), which provides in relevant part that [a]n application for a writ of habeas corpus . . . shall be made to the superior court, or to a judge thereof, for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of such person's liberty. . . . [O]ur Supreme Court [has] held that the custody requirement in § 52-466 is jurisdictional. . . . Accordingly, a habeas court has subject matter jurisdiction to hear a petition for a writ of habeas corpus only when the petitioner remains in custody on that conviction. . . . [C]onsiderations relating to the need for finality of convictions and ease of administration . . . generally preclude a habeas petitioner from collaterally attacking expired convictions. . . . Thus, once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual in custody for the purposes of a habeas attack upon it." (Citations omitted; internal quotation marks omitted.) *Mourning* v. *Commissioner of Correction*, 120 Conn. App. 612, 619, 992 A.2d 1169, cert. denied, 297 Conn. 919, 996 A.2d 1192 (2010); see also *Hickey* v. *Commissioner of Correction*, 82 Conn. App. 25, 31, 842 A.2d 606 (2004), appeal dismissed, 274 Conn. 553, 876 A.2d 1195 (2005).

The petitioner's first claim pertains to the court's decision not to rely on § 52-593a. As he did before the habeas court, the petitioner argues that, when Rodriguez received the habeas petition on April 7, 2020, his probationary period had not yet expired and, therefore, he met the jurisdictional "in custody" requirement of § 52-466. Under our plenary standard of review, we conclude that the court, in its memorandum of decision, properly ana-

lyzed this issue consistent with *Gilchrist* and concluded that the petitioner was unable to avail himself of the remedy provided by § 52-593a. We will not repeat that analysis here.

The petitioner's second claim is that the court erred by concluding that he did not meet the jurisdictional "in custody" requirement of § 52-466 (a) because, at the time he filed his habeas petition with the court, he was being deprived of his liberty as a result of two standing criminal protective orders that prevented him from having any contact with his two minor children and from possessing any firearms. The petitioner referred to "a protective order" in his petition but only to the extent that it prevented him from having contact with his children. In his memorandum of law in opposition to the motion to dismiss, however, the petitioner did not rely on the standing criminal protective orders continued effect as an alternative way of satisfying the jurisdictional "in custody" requirement of § 52-466. In fact, the petitioner in his memorandum of law did not refer to the existence of the standing criminal protective orders.[8] Instead, the petitioner expressly relied on his probationary status by arguing that he was entitled to the remedy provided by § 52-593a because "Rodriguez received the process within the time allotted by law for filing this action—namely, *before* [*his*] *probation had expired.*" (Emphasis added.) As we stated previously in this opinion, the court did not consider in its memorandum of decision whether the petitioner was in custody because of the standing criminal protective orders. The court, in its analysis of the "in custody" requirement, considered only the petitioner's probationary period that expired on April 7, 2020. Following the court's ruling on the motion to dismiss, the petitioner did not file a motion for articulation related to this distinct ground.

In light of the foregoing facts, which unambiguously reflect that this ground was not distinctly raised before and ruled on by the court in a manner adverse to the petitioner, we decline to reach the merits of this claim. "It is well settled that this court is not bound to consider any claimed error unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim. . . . It is equally well settled that a party cannot submit a case to the trial court on one theory and then seek a reversal in the reviewing court on another." (Citations omitted; internal quotation marks omitted.) *Mitchell* v. *Commissioner of Correction*, 156 Conn. App. 402, 408–409, 114 A.3d 168, cert. denied, 317 Conn. 904, 114 A.3d 1220 (2015); see also Practice Book § 60-5 ("[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial"). Our review of newly raised claims of this nature would amount to an ambuscade of the habeas judge. See, e.g., *Eubanks* v. *Commissioner of Correction*, 329 Conn. 584, 598, 188 A.3d 702

(2018); *Gonzalez* v. *Commissioner of Correction*, 211 Conn. App. 632, 655,    A.3d    (2022).[9]

The judgment is affirmed.

* In accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as amended by the Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49; we decline to identify any party protected or sought to be protected under a protection order, protective order or a restraining order that was issued or applied for, or others through whom that party's identity may be ascertained.

[1] General Statutes § 52-593a provides in relevant part: "(a) Except in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal, constable or other proper officer within such time and the process is served, as provided by law, within thirty days of the delivery. . . ."

[2] General Statutes § 52-466 (a) provides in relevant part: "(1) An application for a writ of habeas corpus . . . shall be made to the superior court, or to a judge thereof, for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of such person's liberty. . . ."

[3] In its brief, the respondent, the Office of Adult Probation, argued that the form of the judgment is improper and that, rather than dismissing the petition pursuant to Practice Book § 23-29 (1), which grants the court the authority to dismiss a petition for a writ of habeas corpus at any time if it determines that it lacks jurisdiction, the habeas court should have declined to issue the writ of habeas corpus pursuant to Practice Book § 23-24 (a) (1), which grants the court the authority to decline to issue a writ if, following its preliminary review of the petition, it appears that the court lacks jurisdiction. During oral argument before this court, however, the respondent's attorney acknowledged that it would be proper for this court to affirm the court's dismissal of the petition under § 23-29.

[4] The court noted that "[the petitioner] initiated this petition by suing the Office of Adult Probation. The proper respondent in a habeas corpus [action] is the Commissioner of Correction. The Office of the Attorney General and the Office of the State's Attorney have filed appearances representing the respondent in this matter."

[5] The respondent filed a motion titled "Motion to Dismiss and/or to Strike Petition" in which it argued, in part, that the petition should be stricken because the petitioner brought the petition against an improper party and because the petitioner failed to plead sufficient facts to establish a cause of action. Alternatively, the respondent argued that the petition should be dismissed because the petitioner was not in custody when the petition was filed with the court. The court did not address or rule on the portion of the motion in which the respondent asked it to strike the petition.

[6] The court accurately noted that, "[i]n support of [the petitioner's] memorandum of law in opposition to the motion to dismiss, he submitted an affidavit from Donna Peat, an employee of [his] counsel's law firm, which states that, on April 6, 2020, she sent a copy of the petition by FedEx overnight delivery to state marshal Alex J. Rodriguez with instructions to make service as soon as possible. [The petitioner] also submitted an affidavit from Alex J. Rodriguez, which states that, on April 7, 2020, the original writ, summons and petition came with and in his hands for service. Rodriguez' affidavit further states that, on April 8, 2020, he made due and legal service on the [respondent]."

[7] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that: (1) the court lacks jurisdiction . . . ."

[8] Likewise, the respondent did not refer to the existence of the standing criminal protective orders in its memorandum of law in support of the motion to dismiss. Instead, the respondent argued that the petitioner was not in custody when the petition was filed with the court on April 24, 2020, because the petitioner's period of probation had expired on April 7, 2020.

[9] The petitioner raised a third claim in this appeal, that the respondent erroneously had argued in its motion to dismiss and/or strike his petition that his petition should be stricken because he brought the action against the Office of Adult Probation, rather than the Commissioner of Correction. The petitioner acknowledges that the court did not address, let alone base

its ruling on, this misjoinder argument. Because this "claim" does not challenge one or more of the grounds on which the court relied in rendering its judgment, we do not consider its merits. See *State* v. *Diaz*, 109 Conn. App. 519, 559, 952 A.2d 124 ("[w]e need not review the issue raised because in light of the court's analysis, it is irrelevant to the judgment from which the defendant appeals"), cert. denied, 289 Conn. 930, 958 A.2d 161 (2008).

———————————————